## GEORGE B. WARREN *vs.* FIRST DIVISION OF THE ST. PAUL & PACIFIC RAILROAD CO.

### April 10, 1875.

**Condemnation of Land for Railroad—Judgment on Appeal.**—The charter of the defendant provides that in proceedings by it to obtain private property for its use, the commissioners appointed to assess the compensation to be paid to owners shall assess the value, at the time of entering upon and taking by the company, (which is constructively the time of filing the award of the commissioners,) and that upon an appeal, the jury, or, if it is tried without a jury, the court, shall assess the value at the time of such entering upon and taking, and that judgment shall be rendered for the amount of such assessment. *Held,* that in order to make the compensation to the owner just, the court has authority to enter, and should, generally, enter judgment for the amount assessed by the jury, with interest from the date of filing the award of the commissioners to the time of entering judgment.

**Same—Verdict on Appeal—Value of Use of Premises, pending appeal, to be deducted from Interest.**—*Held, further,* that if the possession and use of the land, between the time of filing the award and the assessment by the jury, has been of actual value to the owner, the amount of such value should be ascertained by the jury, or court, if the matter is tried without a jury, and deducted from the interest allowed.

Defendant having taken proceedings to condemn plaintiff's land for the purposes of its railroad, plaintiff appealed from the award of the commissioners to the district court for Ramsey county, and at the trial in that court, before *Chatfield,* J., (sitting for the judge of the second district,) obtained a verdict for a sum much greater than that awarded by the commissioners. For the amount of the verdict, with interest computed in the manner stated in the opinion, judgment was entered, from which defendant appealed.

*H. R. Bigelow,* for appellant.

*I. V. D. Heard,* for respondent.

GILFILLAN, C. J. The act by which this company is incorporated, assumes to give it the right to enter upon, take, possess, occupy and use such lands as it is authorized to take for the purposes of its railroad, before initiating proceedings to ascertain and pay compensation to the owners, and to retain such possession until after the proceedings are

determined, and a demand and refusal to pay the amount awarded, and provides that the commissioners shall make an appraisement and award of the value of the lands, "at the time when the same was so entered upon, taken," etc. ; and that on an appeal, the jury, or if a jury be waived, the court shall assess the value of the lands, " at the time when the same was entered upon and taken," etc. ; and that " after such assessment, the court shall proceed to render judgment against said company for the amount of said assessment, in favor of the plaintiff," etc. ; and that whenever the amount of the award or judgment shall have been paid, or tendered, or deposited, the fee shall vest in the company. Laws 1857, Ex. Sess. ch. 1, § 13. The assessment on an appeal must be made as of the same time when made by the commissioners ; otherwise, the appeal would not be in the nature of a review or correction of the award by the commissioners, but would be in the nature of an original proceeding.

This court has decided that so far as the act authorizes the company to enter upon and take the lands, before making compensation, it is unconstitutional and void ; (*Hursh* v. *First Div. St. P. & P. R. Co.*, 17 Minn. 439 ;) so that there can be no actual entering upon and taking, to fix the point of time at which the value shall be assessed. And the court has several times held that, for this purpose, the filing of the award of the commissioners is to be deemed a constructive entering upon and taking. The rights of the parties are to be determined as of that time. The verdict finds, in effect, that at that time the company ought to have paid the owner the value, as the jury assess it.

In this case, it appears from the verdict that the jury assessed the value and damages as of the time of filing the award, and that no interest on the amount assessed was included in the verdict. Upon this, the court below ordered the clerk to compute interest on the amount of the verdict from the time of the filing of the commissioners' award to the date of the verdict, and upon the amount so made, to

compute interest to the time of entering judgment, and to enter judgment for the whole amount so ascertained. This is claimed to be error.

It is argued that as, by the terms of the act, the jury are to assess the value as of the time of entering upon and taking, and that thereupon the court is to " proceed and enter judgment for the amount of such assessment," there is no authority in the court to insert any more in the judgment. Construing the act literally and by itself, this may be true ; but it is controlled by the constitution, and if it is to be sustained at all, must be construed so as to conform to the constitutional requirements. In *Scott v. St. Paul & Chicago R. Co., ante,* p. 322, which holds under the same charter as this company, it was insisted that this act was unconstitutional, because it provides for appraising the value of the land *actually* taken, and that that does not afford the proper compensation. But the court construed the word " value," as used in the act, in view of the constitution, and gave it a more extended signification than it would otherwise have been entitled to. If the act lays down a rule for ascertaining the amount which the company shall pay, and provides that judgment shall be entered for the amount thus ascertained, and no more, then, unless the rule thus laid down fully meets the requirement of " just compensation," the company can get no title under the judgment.

The leading intention of the section of the act in which the provisions under consideration occur, is to enable the company to take private property for the purposes of its road. The matters of detail must, if necessary, yield to this intention. The title of the company must, under the act, come through the award or judgment. It is the intention, as we must presume, that the award, when it becomes final, or in case of appeal, the judgment, when entered, shall, upon payment, or tender, or deposit, be effectual to pass the title ; and that, consequently, the court shall have such authority in respect to the judgment as may be required to make it effectual for the purpose intended, and

especially as the exercise of such authority is not expressly prohibited by the act. If, therefore, the allowance of interest upon the amount of the assessment shall be necessary to make the compensation just, we have no doubt of authority in the court to make' it; and we think that, generally, it is necessary, to allow interest from the date of the award, to give to the owner just compensation. While the assessed value, if paid at the date taken for the assessment, might be just compensation, it certainly would not be, if payment be delayed, as might happen in many cases, and as did happen in this case, till several years after that time. The difference is the same as between a sale for cash in hand, and a sale on time.

It is true that until the company actually takes possession, at the end of the proceedings, the owner has the legal right to possess and use the land. It cannot be assumed that the value of this legal right is equivalent to the interest on the assessed value of the land. From the time of the award, he is practically deprived of his right to dispose of the land. His possession is precarious, liable to be terminated at any time; he cannot safely rent; he cannot safely improve; if he sows, he cannot be sure that he will reap. As he is not placed in this position by any act of his own, is not in as a wrongdoer, nor under any contract, there would be no justice in charging him with any *assumed value* of the use. Where the owner has actually derived benefit and value from his possession and use, between the filing of the award and the assessment by the jury, the value of such possession and use may be ascertained by the jury, and the amount of it deducted from the interest allowed.

But in this case, the court adopted a wrong principle of computing interest. The interest should have been computed upon the amount of the verdict, from the date of filing the award to the entry of judgment, and the judgment entered for the amount thus arrived at.

The judgment must be modified to accord with this rule of computation, and the court below is directed so to modify it.