JULIUS LEBER *vs.* MINNEAPOLIS & NORTHWESTERN RAILWAY COMPANY.

July 3, 1882.

Trespass on Land—Silence of Owner.—Mere silence, in the presence of a wilful trespass upon one's property, waives nothing and consents to nothing.

Same—By construction of Railroad before Condemnation.—The commencement of the construction of its road by a railroad company upon the land of a private person without his consent, or without first having paid or secured to him compensation, is a trespass for which a right of action immediately accrues.

Condemnation—Damages for Trespass Prior to Award.—In subsequent condemnation proceedings by the railroad company to acquire the right of constructing the road over such land, it is not regularly proper for the commissioners or the jury, in case of appeal, to include in their assess-

ment the damages which the land-owners suffered prior to the filing of the commissioners' award.   For all such damages the land-owner has his remedy as for trespass.

**Same—Effect of Award including Damages for Trespass.**—If, however, the question of damages thus suffered before the filing of the award is in fact litigated, in connection with the matter properly before the commissioners or the appellate tribunal, as the case may be, submitted for determination, passed upon, and the amount of the damages included in the award, (as shown by the award itself,) and payment thereof received by the land-owner, the result is a conclusive settlement and satisfaction of such damages, notwithstanding the irregular character of the proceedings.   It seems, also, that, even if payment had not been received, the damages would be regarded as *res adjudicata*.

**Trespass—Measure of Damages.**—This being an action for the recovery of damages of the character mentioned, viz., damages to plaintiff by trespass committed before the filing of an award in condemnation proceedings, the following question was properly permitted to be put to one of plaintiff's witnesses, who saw the plaintiff's land before the filing of the award, and after defendant's trespass thereon: "Considering the property as you saw it when you were there, with the cut through it,  *  *  * what, in your opinion, would the market value of that property be lessened at that time by reason of that cut through it, as it was then, supposing the defendant had gone off and abandoned it afterwards?"

Plaintiff was the owner of certain land in Hennepin county which was under cultivation, and at the time of the trespass complained of, as appears from the uncontradicted testimony of plaintiff, the land was covered with a large number of cultivated grapevines, with fruit trees, crops and vegetables.   Between July 1 and October 1, 1880, a force of men, engaged in constructing the railroad of defendant, entered upon this land, destroying the vines, trees and crops, and making an excavation.   Proceedings to condemn this land having been instituted by defendant, an award was filed on October 1, 1880, and subsequently, after an appeal from the award, and a trial in the district court for Hennepin county, a verdict for $3,500, and the proper judgment thereon, the plaintiff accepted from the defendant the sum of $3,612.26, in full satisfaction of the judgment and interest thereon.

This action was brought in the same court to recover damages for the before-mentioned trespass.   At the trial before *Lochren*, J., the

defendant offered in evidence the judgment-roll (consisting of the appeal bond, notices of trial, jury list, verdict and judgment) in the proceedings on appeal from the commissioners' award. When making the offer, the defendant's counsel stated that the judgment was the only portion of the evidence offered that was material. The court, on plaintiff's objection, excluded the evidence offered as immaterial, on the ground that the judgment was admitted in the pleadings; to which ruling the defendant excepted.

The defendant also offered to prove, by the official reporter of the court, the testimony of the plaintiff and the charge of the court upon the trial of the appeal in the condemnation proceedings, the offer being made "for the purpose of showing that this claim for damages was then offered to the court, and received without objection, and submitted to the jury." The evidence was excluded, and the defendant excepted. Other exceptions are stated in the opinion.

The plaintiff had a verdict for $1,000, and the defendant appeals from an order refusing a new trial.

*R. B. Galusha* and *Benton & Roberts*, for appellant.

In case the action of trespass is commenced before proceedings for condemnation, it will not be a sufficient answer that the defendant company has subsequently commenced the statutory proceedings. *Hursh* v. *First Div. St. P. & P. R. Co.*, 17 Minn. 439. But the landowner may waive the trespass, and, if he so elects, receive his full compensation in the statutory proceedings. Mere silence or very slight circumstances will show acquiescence on his part. The facts appearing and offered to be shown on the trial of this case clearly prove a license to defendant and a waiver of the tort by plaintiff. Mills on Eminent Domain, 140; *McAulay* v. *Western Vt. R. Co.*, 33 Vt. 311; *Harlow* v. *M., H. & O. R. Co.*, 41 Mich. 336; *Pettibone* v. *La Crosse & Mil. R. Co.*, 14 Wis. 443; *Western Pa. R. Co.* v. *Johnston*, 59 Pa. St. 290; *D., L. & W. R. Co.* v. *Burson*, 61 Pa. St. 369; *McClinton* v. *P. Ft. W., & Chic. Ry. Co.*, 66 Pa. St. 404; *Justice* v. *Nesquehoning Valley R. Co.*, 87 Pa. St. 28.

The court erred in excluding the evidence offered by defendant. It would have shown an accord and satisfaction *in pais.* A receipt of the fruits of a proceeding, or the payment of a claim, though im-

properly made, will estop the party receiving the same from a second recovery. Such estoppel may be shown by proof outside of the record.

*Wilson & Lawrence,* for respondent.

BERRY, J.   1. The plaintiff complains that between July 1 and October 1, 1880, 'defendant, "with its agents, contractors, and large force of men," entered upon his land and committed trespasses by digging, etc.   Defendant answers that the acts complained of were done by subcontractors of a railroad company with which defendant had contracted for the construction of a railroad from Minneapolis to Osseo, *which defendant was engaged in constructing,* and that, in order to construct the same, it was *necessary* to enter upon plaintiff's land and dig, etc.   This is in effect an admission that the work constituting the acts complained of was done under a contract entered into by defendant, or, in other words, that the defendant had contracted for its performance, and thereby *directed* it to be done.   In such circumstance defendant's liability is the ordinary liability of one who commands or directs the commission of a trespass.   The rule by which an employer is relieved from responsibility for the negligence of a subcontractor working by the job, has no application here.

2. This action is brought to recover damages for the trespasses mentioned, and, as a defence, the answer sets up certain condemnation proceedings, in which, and on October 1, 1880, an award was made by commissioners for defendant's appropriation for its right of way of the strip of plaintiff's land upon which the trespasses were committed.   Defendant also alleges an acceptance by the plaintiff of the amount awarded by a jury upon appeal from the commissioners.   It appeared in the case that the plaintiff, although he saw the trespassers at work upon his premises, remained silent.   He testifies that he did so from fear of violence, though this does not seem to be important, except, perhaps, to rebut any claim that his silence was intended as a sanction.   It is contended on defendant's behalf that plaintiff's silence and failure to institute restraining proceedings were a waiver of his right to prepayment of compensation for the appropriation of his property—a consent that the work might go on, or a license to that effect.

There is no rule of law that requires a property owner, in order to save his rights, to enter into.an argument with a wilful trespasser, or to forbid him to commit the trespass. He is under no obligation of any kind to utter a word of remonstrance or objection, but may rely upon the law of the land for his redress. His mere silence in the presence of the trespass waives nothing and consents to nothing. In this state, where the rule is that a railroad company has no speck of right to commence the construction of its road upon the land of a private person without his consent, or without first having paid or secured to him compensation, (*Gray* v. *First Div. St. Paul & Pac. R. Co.,* 13 Minn. 315; *Hursh* v. *First Div. St. Paul & Pac. R. Co.,* 17 Minn. 439,) it follows that the commencing of such work without consent, payment or security, is a trespass for which, as a matter of course, a right of action immediately accrues.

The rule first announced in this State in *Winona & St. Peter R. Co.* v. *Denman,* 10 Minn. 208, (267,) and which has been steadily adhered to, is that the assessment of compensation in condemnation proceedings is to be made as of the time of the filing of the award of the commissioners,—that is to say, the assessment is to be made with reference to the value and condition of the premises at that time, (*Sherwood* v. *St. Paul & Chicago Ry. Co.,* 21 Minn. 122; *Warren* v. *First Div. St. Paul & Pac. R. Co.,* Id. 424; *Conter* v. *St. Paul & Sioux City R. Co.,* 22 Minn. 342;) and hence damages for any trespass upon the premises committed before that time are not regularly proper to be taken into account in making up the award. From all this it follows that in this state there is no such thing as a waiver of prepayment of compensation for property taken under the eminent domain, upon any theory or idea that compensation for damages done, whether by trespass, consent, or license, before the filing of the award, can properly be included in the award, as such; and therefore the authorities which hold a contrary doctrine elsewhere are not applicable here. It further follows that as respects damages for trespass committed before the filing of the award, though committed in the course of the construction of the road, the land-owner must have a remedy outside of the condemnation proceedings and the award therein, or he has none at all which he can enforce.

Nevertheless, if the question of damages (by trespass, consent, or license) suffered before the filing of the award is in fact litigated in connection with the matter properly before the commissioners or the appellate tribunal, (as the case may be,) submitted for determination, passed upon, and the amount of the damages included in the award, (as shown by the award itself,) and payment thereof received by the claimant, the result is a conclusive settlement and satisfaction of such damages, notwithstanding the irregular character of the proceedings. Even if payment has not been received, it is very likely that the damages would be regarded as *res adjudicata*, though this case does not necessarily call for a decision on that point. But unless the award shows upon its face that it includes the damages spoken of, it would be presumed that it included only what it should properly include, namely, compensation for the appropriation of the claimant's land, with sole reference to its value and condition at the time when the award was filed; and it would not be admissible to show by evidence *dehors* the award that the damages mentioned were included in it. We are therefore of opinion that upon the trial of this action below the court was right in excluding the evidence offered for the purpose of showing that, upon the trial in the condemnation proceedings, a part at least of the grounds upon which damages are claimed in the present action was submitted to the jury, to be considered by them in arriving at their verdict. No claim was made that the verdict, which was the award of the jury, showed that it included any such damages, or was anything but the ordinary verdict, fixing the compensation to which the land-owner was entitled for the appropriation of his land as of the date of the filing of the commissioners' report.

This, we believe, disposes of all the errors assigned by defendant except one. R. P. Russell, (one of the commissioners,) called as a witness by the plaintiff, was asked the following question, defendant excepting: "Considering the property as you saw it when you were there, with the cut through it, * * * what, in your opinion, would the market value of that property be lessened at that time by reason of that cut through it, as it was then, supposing they [*i. e.*, the defendant] had gone off and abandoned it afterwards?" The time

referred to in the question is the time at which the witness, as commissioner, went upon the premises to examine them prior to the making of the award.    The defendant's principal objection is to the latter part of the question, viz., "supposing they had gone off and abandoned it."    But we do not perceive that these words really add anything substantial to what precedes them.    The object of the question was to find out what damage had been done to the plaintiff's property when the witness saw it, "*as it was then*," in the exact language of the inquiry; that is to say, what damage had the plaintiff suffered up to that time.    The amount of that damage was a measure of plaintiff's recovery, without reference to what the defendant might do afterwards, upon taking proper condemnation proceedings, or otherwise. This seems to us to have been the scope of the question, and we think it was properly allowed.    It is, of course, not claimed that the defendant did anything subsequently to make the damage any less than it then was.    It is not perceived that the correctness of the ruling of the court in admitting the question is affected by what came out upon defendant's cross-examination of the witness.

Order affirmed.