CITY OF MINNEAPOLIS *vs.* MARY J. WILKIN.  (2nd Case.)

May 1, 1883.

**Condemnation of Land for Public Park—Interest on Damages from Time of Award.**—In proceedings under chapter 10 of the charter of the city of Minneapolis, (Sp. Laws 1881, *c.* 76,) to condemn private property for the purposes of a public park, where, upon appeal to the district court, a reappraisement is had by a new commission appointed by the court, the value of the property must be assessed with reference to its condition and value at the date of the filing of the original report by the commission appointed by the city council, and the land-owner is entitled to interest on this new award from the date of the filing of such original report.

*Certiorari.*  Upon the filing in the district court of Hennepin county, on February 14, 1883, of a mandate from this court, in accordance with the last opinion, the relator, Mary J. Wilkin, moved the district court for an order that interest be computed in her favor upon the award of $13,500, from June 21, 1882, the date of the filing of the first award by the commissioners appointed by the common council.  The motion having been argued before the court, *Lochren, J.*, presiding, an order was made, allowing interest from February 14, 1883, the date of the filing of the mandate from this court.  Thereupon the relator sued out this writ.

*Merrick & Merrick,* for relator.

*E. M. Wilson,* for respondent.

Relator's claim to interest from the time of the first award is based upon the rule in railroad condemnation; but the cases are not parallel.  Interest is never allowed until there is a taking, actual or constructive.  Mills on Em. Dom. §§ 175, 176.  In the case of condem-
v.30—10

nation by a railroad, the law provides that possession may be taken upon the filing of the award, provided the money is tendered or bond given in case of appeal.    On the contrary see section four of chapter ten of respondent's charter, (recited in the opinion.)    *City of Chicago v. Wheeler*, 25 Ill. 478; Mills on Em. Dom. § 175.

MITCHELL, J.    Under proceedings instituted by plaintiff pursuant to chapter 10 of its charter (Sp. Laws 1881, c. 76,) to condemn defendant's land for a public park, commissioners appointed by the city council made a report on the 21st of June, 1882, awarding her, as compensation, the sum of $12,292, which report was confirmed by the city council.    On defen ant's appea , the district cort ordered a reappraisement, pursuant to section 6, chapter 10, of the city charter, and the commissioners appointed by the court made a report on the 8th of November, 1882, awarding her $13,500, which was duly confirmed.    The important question here is whether defendant is entitled to interest upon this last assessment from June 21, 1882, the date of the filing of the award made by the first commission.

This court has repeatedly held that, in proceedings for the condemnation of property for public use under various railroad charters, the property is to be deemed taken as of the date of the filing of the award of the commissioners, and that, upon appeal, the damages are to be assessed with reference to the condition and value of the property at the date of filing such original award, and that interest is to be allowed upon the verdict from that date, unless it appears that such interest was included in the verdict or second assessment; and that, in the absence of anything in the record indicating the contrary, it must be presume l th t the ver ict ha reference to the d m es w' c i tt claimant was ent t t t r ceive a t t the award appealed from was filed, and hence that no interest was included.    *Winona & St. Peter R. Co.* v. *Denman*, 10 Minn. 208, (267;)    *St. Paul & Sioux City R. Co.* v. *Murphy*, 19 Minn. 433, (500;)    *Sherwood* v. *St. Paul & Chicago Ry. Co.*, 21 Minn. 122;    *Warren* v. *First Div., etc., R. Co.*, Id. 424;    *Knauft* v. *St. Paul, S. & T. F. R. Co.*, 22 Minn. 173;    *Whitacre* v. *St. Paul & Sioux City R. Co.*, 24 Minn. 311.

That the right of the claimant to this interest was not considered dependent upon the question, which party was in the actual posses-

sion of the property pending the appeal, is evident from the reasoning and argument of the court in *Warren* v. *First Div., etc., R. Co.*, 21 Minn. 424, 427. If the question was one of first impression, a plausible argument might be made in favor of the position that no interest should be allowed until the corporation had taken the actual possession of the property from the owner. But this is no longer an open question in this state. Whatever objection may be urged against the logic of the rule adopted by this court, we are satisfied that it works out practical justice more nearly than any other that can be suggested; and it has been so often affirmed and applied that it must be considered the settled law of the state, and must govern the present case, unless there be so material a distinction between the provisions of these railroad charters and of the city charter as to establish a different rule in proceedings under the latter.

That the date of the filing of the award by the first commissioners is to be deemed the time of taking the property for the purposes of assessing its value, and that, upon appeal, the commissioners appointed by the court are to make their assessment with reference to the condition and value of the property at that date, precisely as in the case of railroad condemnation proceedings, is conceded by the counsel for the city, and such was the opinion of the court below. The language of the city charter is that (Sp. Laws 1881, c. 76, subc. 10, § 6,) "such commissioners shall be governed by the same provisions, in respect to the method of arriving at the amount of damages, * * * as are in this chapter made for the government of commissioners appointed by said city council." Any other rule would work unjustly in practice, (generally against the public,) making the rights and liabilities of the parties dependent upon intermediate fluctuations in value, and rendering the city liable to pay for any structures which the owner might place upon the property, pending the appeal. Now, inasmuch as, under this rule, the land-owner is deprived of all advantage from any increase in value subsequent to the first award, and is, pending the appeal, practically deprived of the power of selling his property, or even of beneficially using or improving it, it would seem but just that he be allowed interest from that date. It would seem quite illogical to hold that, for the purposes of

fixing the value of the property, the date of filing the award was the time the property was taken, and then adopt another date as the time of taking, for the purpose of determining the parties' right to interest.

The only difference between the city charter and the statutes under which these railroad condemnation proceedings were had, upon which counsel for the city relies, is that, under the latter, (or most of them,) the corporations had the right to take actual possession of the land pending the appeal, upon depositing the amount of the award in court, or giving a bond conditioned to pay whatever amount may be required by the judgment of the court; whereas, no such right is given to the city, and, in case of an appeal, it can only obtain possession upon its final determination; section 4, chapter 10, of the charter providing: "Wherever an award of compensation or damages shall be confirmed by the city council and not appealed from, and whenever the same, when appealed from, shall not be set aside by the court, the same shall constitute a lawful and sufficient condemnation, and  *  *  *  upon the payment of said award or appropriation or the setting apart of the money in the city treasury to pay the same,  *  *  *  the city shall become vested with the title to the property,  *  *  *  and may forthwith enter upon and use the same." We fail to see how the right to take possession during the appeal, if not exercised, is material. The only effect of the existence of this right is, at most, to render the duration of the land-owner's possession more uncertain. The decisions of this court already referred to were not put upon this provision of the charters, nor upon the theory that the title to the land passed to the corporation at the time of filing the award, for, as a matter of fact, it did not.

The truth is, some date had to be adopted as the time of taking the property for the purpose of determining the rights of parties to compensation; and the date of filing the award was adopted as the most convenient and equitable, because, as remarked in *St. Paul & Sioux City R. Co.* v. *Murphy,* the first step in the process of taking is "the assessment of damages, and, as the damages are to be assessed by the commissioners, the value of the premises at that time may fairly be made the standard of value." And, in case of

appeal, interest on the verdict from the date of filing the award was allowed, not because, during the intermediate time, the corporation might have taken possession on certain conditions, nor upon the theory that the money was due and the company in default in its payment, as seems to be implied in the opinion of the court below. But the allowance was made upon the ground suggested in *Warren* v. *First Div., etc., R. Co., supra,* viz., that the value of the property, upon trial of the appeal, being fixed as of the date of filing the first award, the land-owner was deprived of the benefit of any subsequent increase, and practically of the power to sell, or even to beneficially use or improve his property, and therefore, unless he was allowed interest, he would not really receive just compensation. The reasons for such a rule, in our opinion, apply with equal force to the present case, and we fail to see anything in the provisions of the city charter to require the application of a different rule.

We have not considered it material in this case that, after the confirmation of the second award by the district court, the defendant sued out a writ of *certiorari* for the purpose of having the regularity of these proceedings reviewed by this court. Whatever may be the effect of such a writ as a *supersedeas* or stay of further proceedings in the court below, it is quite clear that it could not affect the right or power of the city to set apart in the city treasury the money to pay the award and make tender of payment to defendant, and thus stop the running of interest, if she saw fit to refuse to accept it, and rely upon her chance of having the proceedings set aside, and failed. This the city did not do.

The cause is remanded, with instructions to the court below to enter judgment for the amount of the award, ($13,500,) with interest from June 21, 1882. Ordered accordingly.