# UNITED STATES OF AMERICA

*v.*

## LORRIN A. THURSTON *et al.*

### March 6, 1913.

1. *Eminent domain—Interest—Just compensation:* The jury was instructed not to make any allowance for interest in determining the compensation, but simply to determine the value of the lessors' ownership as it stood at the beginning of the proceedings. *Held,* that the lessors would not, under such instruction, receive "just compensation", inasmuch as the rental under the lease—an old one, with still a long time to run, is far below what the premises would now bring, if unincumbered; and the time elapsed since proceedings began, has by diminishing the term of the lease, increased the value of the lessors' interest.

2. *Same—Constitutional rule for just compensation, opposing statutes:* Even if the silence of the Federal and local statutes as to interest upon such awards, can be construed as prohibiting it, they must give way to the constitutional provision for "just compensation," whenever the owners would be deprived of it without the payment of interest.

3. *Same—Interest—Net profits:* A reasonable remedy for this state of things is to allow interest on the award, for the time elapsed before payment, to be discounted by the net profits that have accrued to the lessors during that time.

4. *Same—Rate of interest:* Legal rates of interest in the Territory are eight per cent. ordinarily and six per cent. on judgments of a court in a civil suit. *Held,* that interest be six per cent. on the award, as fixed by a verdict of a jury and to be formulated into a decree.

5. *Same—Interest on award when payment delayed:* Though having as above allowed interest at six per cent per annum on the award from date of instituting proceedings, in order to secure "just compensation", yet the court following the rule of the Hawaiian statute, Rev. L. 1905, sec. 505, holds that, if the judgment is not satisfied within thirty days, interest should run on the amount so fixed, at the rate of seven per cent per annum from the expiration of such thirty days.

*Eminent Domain:* Motion for allowance of interest

*Holmes, Stanley & Olson* for the motion.
*R. W. Breckons,* U. S. District Attorney, contra.

DOLE, J.  After verdict had been rendered in the two trials in the case of United States v. L. A. Thurston, et al., to-wit, the one in which the Austin Estate and the Hawaiian Office Supply Company were respondents, and the one in which the Austin Estate was respondent, counsel for the Austin Estate, represented by Herbert Austin, Walter Austin and Edith Austin, moved that the court in making up its decree should allow and decree interest on the awards in favor of the Austins in such trials from the date of the beginning of the proceedings in this case, to-wit, December 23, 1910. Counsel for the government opposed such motion and referred the court to the following cases in support of his contention:

In *Bauman v. Ross,* 167 U. S. 548, 598, the act under which suit was brought, 27 Stat. 532, c. 197 (1893), is silent as to interest pending the proceedings.  Such silence is no obstacle to the rule of the Constitution for "just compensation" if that rule requires payment of such interest.  The case of *Shoemaker v. United States,* 147 U. S. 282, 320-321, is not applicable here, inasmuch as the court in ruling against the claim of interest pending proceedings, said, "The inconveniences to which he [the owner] was subjected by the delay are presumed to be considered and allowed for in fixing the amount of compensation;" whereas in the present case the jury were instructed as follows: "In determining damages or compensation, you are not to award interest or to make any allowance for interest, but your duty is to determine the value of the lessors' interest at the date of the commencement of these procedings." It is therefore clear that the respondents did not have the benefit of the presumption recognized in the *Shoemaker*

case. The case of *Town of Hingham v. United States,* 161 Fed. 295, 299-300, cites the *Bauman* case with some misgiving and, referring to the Massachusetts law in conformity with which the case was brought, as allowing interest where loss of use of land or trouble or expense is shown, refused interest as no basis for it was produced. This case does not offer much assistance to the solution of the question in the present case. The case of *Kerr v. South Park Commissioners,* 117 U. S. 379, 382-383, has nothing to say about interest except upon accounts paid in and upon the balance remaining to be paid to the claimant. The case of *United States v. Town of Nahant,* 153 Fed. 520, is indecisive on this question. In the case of *United States v. Sargent,* 162 Fed. 81, 84, the United States proceeded under the provisions of the local law of Minnesota for the condemnation of a site for post office. This law allowed interest on such awards from same date not made clear by the decision; the court did not not base its decision on such law, but conformed to it as a "fair and reasonable method" of reaching the amount of "just compensation" due the owner.

The district attorney argues that the Hawaiian statute on eminent domain, which is silent as to the payment of interest on the award from the time with reference to which the award is made to the time of payment, forbids the allowance of interest for such period, but that the only interest that the respondents are entitled to is that which is provided in such local statute, i. e., that if payment shall be delayed more than thirty days after final judgment then interest shall be allowed at the rate of seven per cent. per annum.

The act of August 1, 1888, 25 Stat. 357, c. 728, provides that "the practice, pleadings, forms and modes of proceeding in causes arising under the provisions of this act shall conform, as near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State within which such circuit or

district courts are held, any rule of the court to the contrary notwithstanding." This is section 2 of the statute, the title of which is "An act to authorize condemnation of land for sites of public buildings, and for other purposes." Whether such reference to the practice, pleadings, forms and proceedings of local courts in such cases includes the matter of interest, is a question which the court in the case of *United States v. Sargent,* supra, at page 84, declined to decide, but acted in harmony therewith as a fair and reasonable method of reaching the "just compensation" required by the Constitution.

[2] Even if a court should consider that the act of 1888 meant to include the requirement in the local statute for payment of interest, as covered by the words practice, pleadings, forms and proceedings, yet if, following our local statute and refusing to pay interest should deprive land owners in proceedings under condemnation, of a part of the "just compensation" which the Constituion assures them, then the statutes must give way. As both the Hawaiian law and the United States law are silent on the subject of interest upon an award from the time with reference to which the property is appraised to the time of payment, there seems to be no obstacle to carrying out the requirements of the Constitution as to "just compensation" if interest on such award is called for. *Nudd v. Burrows,* 91 U. S. 426, 441-442.

"Where damages are assessed for property to be afterwards taken, the award or verdict should include interest from the time with reference to which the damages are estimated, to be reduced by the value of the use of the property to the owner while he continues to have such use  *  *  * This is just to the owner. But he should not have more than is just, and justice to the party condemning requires that the value of the possession to the owner should be deducted from the interest." 2 Lewis on Eminent Domain, 3d ed., sec. 742, pp. 1320-1321.

"While the assessed value, if paid at the date taken for the assessment, might be just compensation, it certainly would not be, if payment be delayed, as might happen in

many cases, and as did happen in this case, till several years after that time. This difference is the same as between a sale for cash and a sale on time." *Warren v. R. R. Co.,* 21 Minn. 424, 427.

[1]   The circumstances in this case are peculiar. The larger and more valuable part of the premises is held under an old lease at a rental which the evidence taken in the case would clearly show to be proximately about between one-tenth and one-twelfth of the rents that the property would receive at the present time if unincumbered. This lease had eight years and four months to run from the date when proceedings were begun, December 23, 1910. Over two years have elapsed from then to the time of the verdict of the jury. It is obvious that the value of this property to the lessors was improving with every year's diminution of the term of the lease; for instance if there had been no lease on the place the lessors would have been able to acquire the total value of the premises, being the aggregate of what has been awarded to them and to the lessees; but if the lessors are awarded only the value of the place as it was in December 1910 with eight years and four months of the lease unexpired, and without interest, it would be a loss to them as compared with an award which might be made as to the value of their interest at the present time with over two years of such balance of the term removed. This prejudicial loss to them is clear and undoubted. To hold them to the valuation of the place as it was two years ago would be to fail to award them "just compensation" as called for by the Constitution.

[3]   The reasonable and obvious way of remedying this loss is to allow them interest for the time elapsed, to be discounted by the net profits which have accrued to them during that period.

[4]   Counsel for the lessors has asked that eight per cent. be allowed upon the award, which is the legal rate where no special rate is provided. The law provides that interest

at the rate of six per cent. per annum shall. be allowed on any judgment in any court in any civil suit. The interest asked for is upon an award established by the verdict of the jury to be formulated into a decree by the court. It appears to me that the provision as to fixing the rate of six per cent. for judgments in civil suits is the rule here, this being interest on a judgment, and I so rule.

### March 29, 1913.

[5] In the opinion rendered March 6, 1913, as to interest on the awards in this case, relating to the proceedings for estimating the compensation due the Austin Estate, in which the Office Supply Company, Limited, and E. O. Hall & Son, Limited, were respondents, the ruling was made that, inasmuch as the court had instructed the juries in those proceedings not to allow any interest on their valuation of the interests of the Austin Estate as of December 23, 1910, the date of the filing of the proceedings, interest should be allowed at the rate of six per cent. to the date of decree, upon such valuation less the net profits of the Austins from the premises during such period. Now the question arises whether, in case payment should not be made within thirty days after the date of the decree, interest at seven per cent. on the amount of the decree, under the Hawaiian statute, should be allowed upon the award as fixed by the verdict of the jury, or should such interest run on the amount fixed by the decree, which includes interest on the amount found by such verdict, as part compensation.

In this case, although compensation due to the Austin Estate includes such jury award with interest from the initiation of proceedings, yet such interest is in the nature of damages for the taking, and makes up the full compensation. The charging of interest is simply a method of arriving at the just compensation required by the Constitu-

tion. There would seem, therefore, to be no reason why the matter should be treated differently from what would have been the rule had the jury found the full compensation under instructions of the court covering the point.

Following the Hawaiian statute, then, interest· should run upon the amount fixed by the decree, if unpaid within thirty days thereafter, from he expiration of such thirty days until paid, at the rate of seven per cent. per annum.