## FORD MOTOR COMPANY v. CITY OF MINNEAPOLIS.[1]

August 1, 1919.

No. 21,316.

**Eminent domain — award of damages to landowner — interest allowed.**

1. Unless otherwise provided, land taken under the power of eminent domain is deemed to have been taken at the date of the filing of the award of damages, and, if the damages are reassessed on appeal, such reassessment is to be made with respect to the value and condition of the property at the time of the original award and as of that date, and the landowner is entitled to interest from the date of the original award on the amount of the award as finally fixed and determined, less the value of whatever beneficial use he may have made of the land after the filing of the original award.

**Same — presumption as to date of award upon appeal and as to interest.**

2. It is presumed that an award made on appeal was made as of the date of the original award and that it did not include interest.

**Same — court may allow interest and deduct value of use.**

3. The city of Minneapolis established an alley under the power of eminent domain. On appeal to the district court from the award of damages, they were reassessed. Thereafter the landowner applied for the allowance of interest from the date of the original award and the city claimed an offset thereto for the use made of the land by the landowner after that date. *Held*: That the court had authority to allow the interest and also to determine the amount, if any, to which the city was entitled as an offset thereto, and that the court should have allowed the interest less a proper deduction for whatever use the landowner was shown to have made of the land.

After the second appeal reported in 136 Minn. 475, 162 N. W. 1087, the motion of the Ford Motor Company in the district court for Hennepin county for the allowance of interest on the award from the date of the first award until the making of the motion, and for judgment for the amount of the award, with interest so computed, was denied by Steele, J. From the order denying the motion, Ford Motor Company appealed. Reversed.

[1]Reported in 173 N. W. 713.

*Milton D. Purdy,* for appellant.
*C. D. Gould* and *R. S. Wiggin,* for respondent.

TAYLOR, C.

The city of Minneapolis instituted proceedings to condemn the right of way for an alley through a block of land owned and occupied by the Ford Motor Company. The commissioners, appointed by the city to assess benefits and damages, filed their award on July 30, 1915. The motor company appealed to the district court from the award of damages and also from the order establishing the alley. The district court affirmed the order establishing the alley and appointed commissioners to reassess the damages. The motor company attacked the validity of the proceedings by writ of certiorari and the matter was before this court twice, the decisions being reported in 133 Minn. 221, 158 N. W. 240, and 136 Minn. 475, 162 N. W. 1087. After the validity of the alley had been established, the commissioners appointed by the court proceeded to make their assessment and on April 8, 1918, filed their report awarding the motor company the sum of $34,300.

On May 22, 1918, on motion of the motor company, the court confirmed this award and taxed and allowed the costs. Section 1569, G. S. 1913, gives the city 90 days after the final order of the court within which to abandon the proceedings if it so elects. After this period had expired, the motor company applied to the court to have interest computed and allowed on the award from July 30, 1915, the date of the original award, and for judgment for the amount of the award with interest. The city opposed this application and also asserted that the motor company had used the premises continuously and that the value of this use should be determined and be applied as an offset against the interest, if interest were to be allowed. The application was denied by the court on January 7, 1919, and the motor company appealed from the order denying it.

The questions presented are whether the court should have computed and allowed the interest as claimed, and, if so, whether it should have determined the value of the use made of the land by the motor company since the original award, and should have deducted the value of such use from the amount allowed as interest. The district court seems to have been in doubt as to its authority to determine these questions.

The commissioners, appointed by the city, assess the damages of the landowner as of the date they make and file their award and with respect to the value and condition of the property at that time, and the property is deemed to be taken as of that date. 1 Dunnell, Minn. Dig. § 3060, and cases cited. If the damages are reassessed on appeal, such reassessment is made as of the date of the original award, and the damages are based on the value and condition of the property at the time of the original award, and the landowner is entitled to interest from the date of the original award upon the amount of the damages as finally assessed and determined. Warren v. First Division St. P. & Pac. R. Co. 21 Minn. 424; Whitacre v. St. Paul & S. C. R. Co. 24 Minn. 311; Leber v. Minneapolis & N. W. Ry. Co. 29 Minn. 256, 13 N. W. 31; City of Minneapolis v. Wilkin, 30 Minn. 145, 15 N. W. 668; Commrs. of State Park v. Henry, 38 Minn. 266, 36 N. W. 874; Weide v. City of St. Paul, 62 Minn. 67, 64 N. W. 65. If the owner makes a beneficial use of the premises subsequent to the filing of the original award, the value of such use may be deducted from the interest allowed. Warren v. First Division St. P. & Pac. R. Co. 21 Minn. 424. Unless the record shows upon its face that other items were litigated and included in the award, the presumption is "that it included only what it should properly include, namely, compensation for the appropriation of the claimant's land, with sole reference to its value and condition at the time when the award was filed, and it would not be admissible to show by evidence dehors the award that the damages (for prior trespass) mentioned were included in it." Leber v. Minneapolis & N. W. Ry. Co. 29 Minn. 256, 13 N. W. 31. See also City of Minneapolis v. Wilkin, 30 Minn. 145, 15 N. W. 668.

The reasons for adopting the above rules are stated and explained in the cases cited. Although the city concedes that the rule in this state is as stated, it contends that interest should be allowed only from the time that the city takes possession of the property appropriated, and cites several authorities sustaining that rule. The same point was urged in the Wilkin case decided in 1883 and the court speaking through Justice Mitchell said:

"If the question was one of first impression, a plausible argument might be made in favor of the position that no interest should be allowed until the corporation had taken the actual possession of the prop-

erty from the owner. But this is no longer an open question in this state. Whatever objection may be urged against the logic of the rule adopted by this court, we are satisfied that it works out practical justice more nearly than any other that can be suggested; and it has been so often affirmed and applied that it must be considered the settled law of this state."

The rules stated have been recognized and applied in this state from the beginning and we see no sufficient reason for now changing them. Applying them to the present case, it follows that the motor company is entitled to interest on the $34,300 from July 30, 1915, as a part of the compensation to which it is entitled for the taking of its property.

The authority of the court to make the computation and allowance, seems not to have been questioned in the Wilkin case. But this question was considered in Warren v. First Division St. P. & Pac. R. Co. 21 Minn. 424, and the court, after saying in effect that the statutes "must be construed so as to conform to the constitutional requirements," and that the condemner acquires no title or easement in the property unless the constitutional requirement of just compensation is complied with, and that the title or easement of the condemner comes through the award, said:

"It is the intention, we must presume, that the award, when it becomes final  *  *  *  shall, upon payment, or tender, or deposit, be effectual to pass the title; and that, consequently, the court shall have such authority in respect to the judgment as may be required to make it effectual for the purpose intended, and especially as the exercise of such authority is not expressly prohibited by the act. If, therefore, the allowance of interest upon the amount of the assessment shall be necessary to make the compensation just, we have no doubt of authority in the court to make it."

While the Warren case was under a different statute and involved the condemnation of a railroad right of way, the principles laid down apply to the present case. By virtue of the Constitution, the city, in order to take the property in question, must make proper provision for the payment of the award with interest. The just compensation required by the Constitution includes not only the amount of the final award, but also the interest thereon from the date of the original award until the money becomes available to the landowner. See cases cited

supra.   Such interest could not well be included in the final award as the full amount of interest could not be determined at that time.   There is nothing tending to show that interest was included in the award in controversy and the presumption is that it was not.   The statute contains no specific provision that the court shall determine either the amount of the interest, or the amount deductible therefrom for the use of the premises, if used by the landowner after the filing of the original award; but, in order to make the proceedings effectual and accomplish the purpose intended, the court must determine the various incidental questions that arise, and, as said in effect in the Warren case, the statute undoubtedly contemplates that the court will do so.

In the Wilkin case the city appointed commissioners who made an award of damages.   On appeal to the district court the award was increased.   Thereafter the landowner made an application to have interest computed in her favor on the final award from the date of the original award.   The district court denied the application, but this court, after careful consideration, held that the ruling was error and remanded the case with instructions to allow interest on the final award from the date of the original award.   In the case at bar the motor company followed in detail the procedure adopted in the Wilkin case, and we see no reason why such procedure is not proper.

We are of opinion that the rules laid down by this court in its prior decisions should be followed and applied in the instant case, and that the trial court should have allowed interest on the final award from the date of the original award.   We are also of opinion that the trial court should have determined the value of the use made of the land in question by the motor company since the date of the original award and should have offset the value of such use against the interest.   In the absence of statutory regulations, the court may determine these questions itself or may adopt any proper procedure for determining them.

The order appealed from is reversed and the cause remanded for further proceedings in accordance with this opinion.