RUTSEN ESTATES, INCORPORATED, PLAINTIFF, v. THE
COUNTY OF HUDSON, DEFENDANT.

Argued September 19, 1925—Decided January 21, 1926.

1. Under the Eminent Domain act, when the effect of the proceeding
   is to vest in the public the right of property in land for the use
   of a public place, and the right of immediate possession, and the
   assessment of damages ratified, the compensation to the land-
   owner must be paid at that time, or provision must be made for
   its payment, or for its recovery within a reasonable time there-
   after. Its payment cannot be postponed indeterminately, nor
   made to depend on the will, with respect to time, of the munici-
   pal authorities.

2. A municipality cannot set-off against the amount of the award
   of condemnation commissioners, taxes on the property taken,
   which have ripened into a lien while the municipality was with-
   holding payment. In such case the proper deduction should be
   made for such apportionment of the taxes on the date payment
   of the award should have been made, under *Pamph. L.* 1918, *p.*
   871, § 514, as amended by *Pamph. L.* 1919, *p.* 118, had the
   transfer of title been effectuated by the usual mode of bargain
   and sale.

---

On motion to strike out.

For the plaintiff, *Edgar W. Hunt* and *Harlan Besson.*

For the defendant, *Thomas F. Meehan.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff moves to strike out the first
separate defense in an action brought to recover the sum of
$569.59 deducted by the defendant, from an award of $95,000

filed by condemnation commissioners against Hudson county on October 17th, 1924, for a maternity hospital site in Jersey City. Defendant withheld payment until December 9th, 1924, and then paid the award less $569.59, the amount of the taxes assessed against the property, which taxes had ripened into a lien in favor of the city of Jersey City on the said date of payment. The defendant sets up this lien as its first separate defense.

Under the Eminent Domain act (2 *Comp. Stat.*, p. 2182), after twenty days from the filing of. the commissioners' report (section 7), there being no appeal (sections 9 to 11), or withdrawal (section 15) of the proceedings, the owner's right to the compensation awarded becomes vested (20 *C. J.* 1073, § 454), and he may sue for same, with interest, in an action of contract (section 7) ; the owner shall also have a lien for the amount of said award (section 7) enforceable in equity as a vendor's lien. 20 *C. J.* 1075, § 455.

The proposition involved is that it is competent for the legislature to take the possessory title to the land required for a public place from the landowner and vest it in the municipality, and indefinitely postpone the payment of the compensation for the land so condemned. But it appears to me quite manifest that the legislature is not endowed with such an inequitable and arbitrary capacity, which obviously would be violative of that clause of the constitution, which declares that private property shall not be taken for public use without just compensation. The effect produced upon an owner's status in such a situation has been declared by this court, speaking by Chief Justice Beasley, as follows: "When the effect of the proceeding is to vest in the public the right of property in the land for the uses of a street, and the right of immediate possession, this, I think, constitutes a taking within the plain sense of this clause of the primary law, and this is what is obviously done by virtue of the procedure under consideration. Upon the ratification of this assessment of damages the city acquired the legal power, at any time, to enter upon this land, and hold and use it for the purposes of a street; from the moment

of such ratification the owner lost all capacity to put it to any permanent, productive use; the property at once became unsalable, and even its rise in marketable value was of no consequence, and, in fact, the owner remained in possession of the land only as it were, a tenant by sufferance." *Fink* v. *Newark*, 40 *N. J. L.* 11.

The learned Chief Justice, in dealing with the general subject, further remarks: "Regarding the act of ratification as the act of taking contemplated in the constitution, the compensation to the landowner must be paid at that time, or provision must be made for its payment, or for its recovery within a reasonable time thereafter. Its payment cannot be postponed indeterminately, nor made to depend on the will, with respect to time, of the municipal authorities." To the same effect are *Campau* v. *Detroit* (*Mich.*), 32 *A. L. R.* 91, and *Warren* v. *Railroad*, 21 *Minn.* 424.

If the transfer of title in this instance had been effectuated in the usual mode of bargain and sale, the consideration would be subject to the provisions of the act of 1918, page 871, section 514, as amended by *Pamph. L.* 1919, *p.* 118, providing for an apportionment of current taxes between vendor and vendee. In the absence of an agreement between private parties unquestionably, therefore, an apportionment of the taxes now withheld would be made. The spirit of the act, if not the language, would comprehend this transaction, and this view is emphasized by the decision of this court in *Jersey City* v. *Montville*, 84 *N. J. L.* 43.

The result of my consideration of the situation is that the sum in controversy, upon an adequate amendment of the answer averring the facts under the provisions of the act referred to may properly be retained by the county, for the purpose of payment to the city under the county's liability to the city, less the amount to which the plaintiff would be entitled under the statutory apportionment. For that purpose the answer may be amended and filed within ten days from the date of the filing of this memorandum. The result is that the motion to strike out will be granted, but without costs.