436 P.2d 803

**STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Appellant,**

v.

**Gordon G. HOWES et al., Rowland S. Bingham and Katherine C. Bingham, his wife et al., Defendants and Respondents.**

No. 10831.

Supreme Court of Utah.

Jan. 23, 1968.

Phil L. Hansen, Atty. Gen., George M. McMillan, Salt Lake City, for plaintiff and appellant.

Glen E. Fuller, Orval C. Harrison, Frederick S. Prince, Jr., Salt Lake City, for defendants and respondents.

CALLISTER, Justice:

The State of Utah, by and through its Road Commission, appeals from a judgment, pursuant to a jury verdict, awarding the Binghams severance damages in a condemnation action.

It is not disputed that the portion of the Binghams' property taken by the State left the remainder without an access to a highway. However, the State contends that the trial court committed error in permitting evidence to this effect, for the purpose of establishing severance damages, because the Binghams had not first established that they could not have, by purchase or otherwise, secured a new access.

■ In its brief the State proposes that the single question upon this appeal is: "Whether landowner must exercise reasonable care and prudence to acquire access to highways or otherwise alleviate the land-locked condition before he is entitled to recover severance damages." In this respect, we are in agreement with the general proposition that, in a condemnation action, before a landowner may introduce evidence relating to the amount of severance damage

he must first meet the burden of proving that he is entitled to that kind of damage. The State, however, urges that the landowner has an additional burden. Not only must he prove that there is severance damage, but also that he has attempted to minimize such damage. With this latter proposition we disagree.

The State's position, in the instant case, would, in effect, require the landowner to prove a negative—that he could not with reasonable diligence acquire a new access—before he could prove severance damage for loss of access. In support of this position, the State cites State, By and Through Road Commission v. Cooperative Security Corp.[1] and Provo River Water Users Assn. v. Carlson.[2] Both of these cases are distinguishable upon their facts. In each of them evidence was adduced that suitable land could be substituted which would restore the landowner to the same relative position he had prior to the taking.

In the instant case we do not have a situation wherein the land taken from the condemnee (Binghams) could be readily replaced with similar land to restore him to the same *relative condition*. Although neither of the cited cases specifically held that the burden is upon the landowner to prove that he was unable to mitigate or minimize severance damages, if the language in these cases implies such a rule, the same is hereby rejected.

We hold that in a condemnation action it is the condemnee's burden to prove severance damage, but that before doing so he does not generally have the burden of first showing that such damage, if any, could not be minimized or mitigated.[3]

Affirmed.

TUCKETT, HENRIOD and ELLETT, JJ., concur.

CROCKETT, C. J., concurs in the result.

1. 122 Utah 134, 247 P.2d 269 (1952).
2. 103 Utah 93, 133 P.2d 777 (1943).
3. State v. Dunlick, 286 P.2d 1112 (Idaho 1955); Sigurd City v. State, 105 Utah 278, 142 P.2d 154 (1943); City of St. Louis v. St. Louis I. M. & S. Ry. Co., 272 Mo. 80, 197 S.W. 107 (1917); State by and through State Highway Commission v. Bailey, 212 Or. 261, 319 P.2d 906 (1957); Pettingill Theatre Co. v. City of Minneapolis, 256 Minn. 266, 98 N.W.2d 207. See also: 29A C.J.S. Eminent Domain § 271, p. 1170.