NELLIE M. WEIDE v. CITY OF ST. PAUL.[1]

July 10, 1895.

Nos. 9444—(222).

**Interest on Award in Condemnation Proceedings.**

The city of St. Paul, by virtue of the provisions of its charter, instituted proceedings to condemn certain real estate for street and levee purposes, and the proceedings were duly confirmed September 13, 1886. The owner of the condemned property appealed from the order of confirmation, and upon a trial in the district court January 8, 1890, said order was sustained. The city of St. Paul prior to September 13, 1886, took possession of the property so condemned, and ever since has used it for street and levee purposes. *Held*, that the owner of the property is entitled to interest from September 13, 1886, upon the amount awarded as damages, until payment thereof.

**Interest—Application of Payment.**

Where an indebtedness consists of principal and interest and a payment is made by the debtor, which is not applied by him or the creditor to any part of the indebtedness, the law applies the payment first to satisfy the interest, and then the principal.

Appeal by defendant from an order of the district court for Ramsey county, Egan, J., denying a motion for a new trial. Affirmed.

*Edward J. Darragh* and *Hermon W. Phillips*, for appellant.
*Stevens, O'Brien, Cole & Albrecht*, for respondent.

BUCK, J. The city of St. Paul instituted condemnation proceedings for the purpose of taking the plaintiff's land for a street, and on August 4, 1886, by the action of its board of public works, made an assessment of the costs, benefits, and damages from such taking, which assessment was duly confirmed September 13, 1886. The compensation allowed for such taking was the sum of $4,208, and the plaintiff, deeming herself aggrieved by the assessment, appealed therefrom to the district court of Ramsey county, where, upon trial duly had, the assessment was affirmed on or about the month of January, 1890. This action was commenced in the month

[1] Reported in 64 N. W. 65.

of March, 1893, and the items upon which she bases her cause of action are set forth in her complaint as follows:

| | |
|---|---:|
| Principal | $4,208 00 |
| Interest from September 13, 1886, to March 21, 1893 | 1,915 27 |
| | |
| Total amount due March 21, 1893 | $6,123 27 |
| Cash payment on March 21, 1893 | 5,517 14 |
| | |
| | $ 606 13 |

This action is to recover the alleged balance due of $606.13. It will be readily seen that the controversy is over the question of interest. Prior to the time of the confirmation of the assessment on September 13, 1886, the city took possession of the piece of land which it had caused to be condemned, and ever since has kept possession thereof, and used it for street purposes.

We will first consider the appellant's fifth assignment of error, viz. that the court erred in holding and deciding that the plaintiff is entitled to recover any interest on the damages awarded subsequent to March 16, 1887. We suppose this claim is based upon the assumption that the city had before this date collected the amount of damages awarded to plaintiff, and that it was ready and willing to pay it to plaintiff, and that the city treasurer had given due notice thereof by publication, and that from the time of such collection, and especially after such publication, interest on the award would cease.

There are several reasons why this contention of the appellant is fallacious: First. The court below found as a fact, and such finding is supported by ample evidence, that the defendant was never ready and willing to pay the damages to the plaintiff until the time of the partial payment of $5,517.14, made March 21, 1893, and that until the last-named date it refused to pay plaintiff such damages so awarded her, or any part thereof. Second. The city having on September 13, 1886, confirmed the assessment, and taken possession of the condemned land, and continually retained such possession, it is liable for interest from that date. Third. Assuming, without deciding the question, that the charter of the defendant city, providing that as soon as the money to pay the damages is collected notice thereof shall be given by publication, would be sufficient to stop the accrual of interest on the damages awarded, if the money was ac-

tually in the city treasury for such purpose, yet no such fact is shown in this case, and from its continued neglect and refusal to pay the award it is only a fair inference that no such fund existed until the partial payment was made on March 21, 1893. The mere publication of the notice would not of itself be evidence that such fund was in the city treasury, ready to be applied in payment of the damages so awarded. Whatever may be the diversity of opinion upon the subject of allowing interest in condemnation cases, we think the rule is pretty well established in this state that interest should be allowed from the date of the award. Warren v. First Div., St. Paul & P. R. Co., 21 Minn. 424; City of Minneapolis v. Wilkin. 30 Minn. 145, 15 N. W. 668.

Interest in this case was allowed from the time of the confirmation of the assessment, and whatever may be the construction placed upon the provisions of the city charter as to the time when the absolute right to take possession of the condemned land vested in the city is quite immaterial, as the city did take possession thereof before September 13, 1886, the date of the confirmation of the assessment, and the possession and use of said land has been under the claim of right by virtue of the condemnation proceedings originally instituted. It is immaterial that an appeal was pending for a long time, and especially is this so because the appellant has continually used and possessed the land during all of the time. Any other rule would obviously be so unjust that we should not adopt it. See City of Minneapolis v. Wilkin, supra. In this case the plaintiff was prevented from receiving her damages for a period of nearly seven years, and the interest allowed is only part of the just compensation guarantied by the constitution. Warren v. First Div., St. Paul & P. R. Co., supra. She has been deprived of the use of it during all the time from the date of the first taking. Suppose this property was improved, bringing a large rental, and its value assessed as of the time of taking, and she was deprived of the income during all of this long period of time. It would be an intolerable hardship to deprive her of the interest on the damages awarded. In Lewis, Eminent Domain, § 499, the rule is laid down that, "where damages are assessed for property which has already been lawfully appropriated to public use, interest should be allowed from the time of the appropriation or entry on the property. And, where prop-

erty is taken possession of for public use, though wrongfully, and a suit or proceeding is commenced for the first compensation, interest should be allowed from the date of entry." Even if there have been any irregularities in the proceedings on the part of the city, such as allowing the damages to remain unpaid for nine months after the assessment for damages as provided in the city charter, and where it further provides in such case that all proceedings shall lapse and the money paid into the treasury shall be returned to the parties entitled thereto, the city cannot legally raise that question so long as it keeps the condemned property for the public use. Such a contention is without merit, and the city cannot retain the property without paying a just compensation therefor.

The rule invoked by the appellant's counsel that plaintiff, having accepted the principal damages awarded, cannot now recover the interest, cannot be sustained. Neither the facts in the case nor the findings of the court warrant this contention of the appellant. The trial court found that the respondent accepted the payment of $5,517.14 as a partial payment without prejudice to her right to recover the balance of her damages and interest remaining due and unpaid. Conceding that the evidence does not show any special agreement between the parties to this effect, yet where the indebtedness consists of principal and interest, and a payment is made generally, it should first be applied to satisfy and keep down the interest. The law makes this application in the absence of any agreement between the parties, and if the payment exceeds the amount of interest it is then applied on the principal in whole or in part, as the case may be. Lash v. Edgerton, 13 Minn. 197 (210). There are numerous other authorities which support this rule. The fact that the principal and interest due in this case arose under condemnation proceedings would not change the rule, as the appellant city took immediate possession of the condemned property and continuously used it under claim of right.

It is further contended by the appellant that the plaintiff was never ready and willing to execute an indemnity bond to the city to protect it against liens upon the condemned property, and that plaintiff never paid or satisfied a mortgage upon the premises running to one Schwan; which, it alleges, were matters necessary to be done as a condition precedent to the payment of the damages to the

plaintiff. The court below found against defendant upon these points, and the evidence justifies the findings.

We have examined all of the errors assigned, and find none of them prejudicial to the rights of the appellant, and the order of the court below is affirmed.