STATE, EX REL. MCWYLIE, TRUSTEE, *v.* MATHEWS, AUDITOR.

[No. 18,514. Filed May 24, 1898.]

SCHOOLS.—*Apportionment of School Revenue by County Auditor.*— A township is not entitled to any of the school fund collected from the tax assessed under the general law so long as the interest on the congressional fund of such township alone amounts to more per capita than was left in the hands of the county auditor to apportion to other townships. *pp. 598, 599.*

SAME.—*Apportionment of School Revenue.*—The common school fund derived from other sources than interest on the congressional township fund, may be validly and constitutionally unequally distributed

by statutory authority, so as to make the whole, including the congressional township fund, when distributed, as nearly equal per capita to each school corporation as possible.  *p. 600.*

From the Monroe Circuit Court.  *Affirmed.*

*Louden & Louden,* for appellant.

*J. E. Henley* and *J. B. Wilson,* for appellee.

McCabe, J.—The appellant's relator as trustee of Perry school township in Monroe county, in the name of the State, sued appellee as auditor of Monroe county for a writ of mandate to compel the distribution of school funds to said Perry township.  Many questions arose by rulings on demurrers to the complaint, answers, and replies, but all of such, and the same questions again arise on appellant's exceptions to the conclusions of law, stated by the court on the special finding of facts.  Pursuant to such conclusions of law, the peremptory writ was refused, and final judgment rendered in favor of the defendant.  Error is assigned upon the conclusions of law among other things.  We therefore need only examine the questions arising upon such conclusions of law.  So much of the substance of the special finding as is material is as follows:   That in 1895 there was assessed on the real estate and personal property of Perry township under the general law for school purposes $957.86, half of which sum was paid in the first installment of taxes in March and April, 1896, and the other half was paid in November next following; that said auditor in making the apportionment of the school revenue on the last Monday of January, 1897, refused to apportion to said township any part of said second installment, and, on demand of relator, refused to apportion any of said sum to said township of Perry; that the interest on the congressional township fund belonging to said township of Perry in the hands

of said county auditor at the time he made said appor-
tionment, in January, 1897, amounted to $525.39,
which sum was by said auditor paid to said relator at
the time of making said apportionment, and said
auditor refused to apportion any other or additional
sum to said township except $38.51, the proportion of
liquor license fund due said township, which he paid
to said relator; that the entire common school fund
for distribution in Monroe county in January, 1897,
exclusive of said congressional township fund belong-
ing to said Perry township, was $8,328.11; at the same
time the children of school age in said county, exclu-
sive of the children of such age in said Perry town-
ship, numbered 5,926.

The conclusions of law are that the interest on the
congressional fund belonging to Perry township alone
amounted to more *per capita* for the school children
of said township than the entire residue of the com-
mon school and congressional school fund would
amount to for the school children of the other town-
ships of said county; that said Perry township was
not entitled to any of the school fund collected from
the tax assessed under the general law, so long as the
interest on her congressional fund alone amounts to
more *per capita*, as appears by the facts found, than
was left in the hands of the county auditor to appor-
tion to the other townships. That therefore the law
is with the defendant.

The statute authorized the distribution just as the
auditor has made it, and in acordance with the con-
clusions of law stated by the court. Section 5973,
Burns' R. S. 1894 (4486, R. S. 1881).

It is conceded that to divide the entire common
school fund of the county, including the congressional
township fund, it would only make $1.41 *per capita*
for the children thereof of school age. And it is

further conceded that the congressional township fund alone of Perry township, makes $1.45 *per capita* for the children of school age in said township. That makes a larger fund than the other townships have.

The only reason why in attempting to equalize the distribution of the school fund by the State a portion of this may not be taken away, is that the terms of the congressional grant by which it was created forbid it. *Davis* v. *State, ex rel.,* 44 Ind. 38-47; *Board, etc.,* v. *State, ex rel.,* 116 Ind. 329; *State* v. *Springfield Township,* 6 Ind. 83. But it is settled law in this State that the common school fund derived from other sources may be validly and constitutionally unequally distributed by statutory authority, so as to make the whole, including the congressional township fund, when distributed, as nearly equal *per capita* to each school corporation as possible. *Quick* v. *Whitewater Township,* 7 Ind. 570; *Quick* v. *Springfield Township,* 7 Ind. 636; *State, ex rel.,* v. *McClelland, Tr.,* 138 Ind. 395-407. The conclusions of law were accordingly correct. The judgment is affirmed.