## INDIANA BOND COMPANY *v.* JAMESON ET AL.

[No. 2,979. Filed January 25, 1900.]

MUNICIPAL CORPORATIONS.— *Sewer Assessments.—Foreclosure.—Attorney's Fees.*—The right to attorney's fees under §4297 Burns 1894, arises only by virtue of the statute, and cannot arise until a suit to foreclose the lien has been brought. *pp. 10, 11.*

PLEADING.—*Tender.—Municipal Corporations.*—An answer in an action to foreclose a sewer assessment alleging that before the commencement of the suit plaintiff demanded a sum in excess of the amount legally due, and refused to accept a certain sum, which was in excess of the amount due, does not state as a fact that an offer to pay any sum was made and refused, nor does it plead facts showing that a refusal would have followed an offer to pay. *pp. 11, 12.*

From the Marion Circuit Court. *Reversed.*

*S. M. Richcreek*, for appellant.

*O. B. Jameson* and *F. A. Joss*, for appellees.

ROBINSON, J.—Appellant purchased an assessment roll containing a number of names of property owners, approved by the trustees of Irvington, for the construction of a sewer, and sued appellees for the amount of the assessment against them, $1.90, and to foreclose the lien.

The second paragraph of appellee's answer alleged that, at all times before and at the time of and ever since the beginning of the action, she was, and is, ready and willing to pay the full amount of appellant's claim, principal and interest; but that, before the commencement of the suit, appellant demanded of appellee the sum of $10.85 in payment thereof, itemizing the claim as follows: $1.90 principal, twenty-five cents interest, $8.70 "court costs and attorney's fees", and refused to accept any lesser amount than $4.05 in payment thereof, though at all such times there was not due or owing in excess of $2 for principal and interest, and at such times refused the $4.05 unless upon the condition that "plaintiff or its attorney should simply note payment of said assessment upon the assessment rolls in its or his hands, and give its or his receipt therefor, thereby conditioning the acceptance of even said sum of $4.05 in payment, as aforesaid, upon the condition—contrary to the statute in such case made and provided—that the plaintiff would not make entry of the receipt of such money upon the proper public record, and thereby discharge the lien of said assessment; and this defendant now brings into court the sum of $2.05 for the use of the plaintiff, in full payment of the assessment and claims sued on in plaintiff's complaint herein, and being the full amount of, and more than, the principal and interest of said assessment." The answer does not undertake to plead a tender before suit, but to plead facts showing a tender before suit would have been unavailing.

A tender may be waived by words or acts, as where a party declares positively, when an offer is made to pay him, that nothing is due him, or that he will accept no money; or where the debtor, having the present ability, offers to pay the debt, but the creditor prefers to let it remain, and the debtor consents, and retains the money; or where the creditor purposely absents himself to avoid a tender; or where he has designedly evaded a tender, and brought his action so soon that the tender could not be made before the commencement of the action; or, where he refuses to accept a tender on certain specific objections, he can not afterwards raise others which might have been readily met.   7 Wait Act. & Def. p. 593, and cases there cited; Abbott's Trial Ev. p. 816; *Holmes* v. *Holmes,* 12 Barb. 137.

In *Hoyt* v. *Sprague,* 61 Barb. 497, a carrier refused to deliver grain to a consignee unless the full amount of freight was paid, without any deduction for damage or short delivery, and, in holding that a tender was waived, the court said: "The true rule I take to be this:  That the mere assertion, unaccompanied by any other act, of a lien greater in amount than the lienor is entitled to, will not obviate the necessity of a tender; for it may be that the right amount would be accepted; but when, as here, there is an absolute refusal to deliver up property unless a claim to which the party is not entitled is discharged, so that it appears that the lien claimant says, in effect, do what you will; tender any amount you please; unless it be the whole of my unlawful demand, I will not accept it, nor surrender your property; then the law dispenses with the idle ceremony of making a tender which the claimant, in advance, declares he will not accept, and an action may be brought immediately."

The answer in the case at bar does not allege that any amount was ever offered appellant before suit.  It is not shown what was done by the parties which resulted in appellant's refusal to receive less than a certain sum.  In other words, the pleading states a conclusion, and does not

Indiana Bond Co. *v.* Jameson.

plead the facts. The question naturally arises, what did appellee do which resulted in appellant's refusal to accept less than a named sum? These facts should be pleaded in order that it may be seen whether there was a refusal. Before suit was brought appellant was entitled to $1.90 and interest, which in no event could have made the total amount exceed $2. The demand for twenty-five cents interest was excessive, and the demand for $8.70 "court costs and attorney's fees" was wholly unauthorized, and unlawful. There had been at that time no court costs, and there was no authority for demanding any attorney's fees. The statute provides two methods for collecting these assessments,—one by sale upon a precept issued for the collection of the assessment (§4298 Burns 1894), and the other by suit to foreclose the assessment as a mortgage is foreclosed (§4297 Burns 1894). In the former no provision is made for attorney's fees, and in the latter there may be recovered, with the assessment and interest, all costs, and a reasonable attorney's fee. The right to the fee arises only by virtue of the statute, and can not arise, under the statute, until a suit to foreclose the lien has been brought. If a party contracts in a note to pay attorney's fees, he may become liable for such fees before suit is brought, because he contracted to pay them. *Moore* v. *Staser*, 6 Ind. App. 364. But in cases like that at bar he can become liable for such fees only in the manner the statute provides. And while it is true that in the demand made by appellant there were included amounts which, the law holds, appellant knew were unlawful demands, and while it is alleged that appellee was at all times ready and willing to pay the full amount of the claim, principal and interest, yet these facts are not sufficient to support the conclusion that appellant refused to receive less than a certain sum. If it be the fact that before suit appellee offered to pay the amount legally due, and it was refused, or was told before it was made that such an offer would not be received if made, or was told that nothing would be received

unless the whole or a part of the unlawful demand was paid, or was told that the amount named in the pleading was the least that would be accepted, it was not necessary to make a tender of any sum. It may be true that appellant would have accepted nothing unless a part, at least, of the unlawful demand was paid; yet it is only by conjecture that that conclusion can be reached.

It is a well settled rule of pleading that facts must be pleaded, and can not be gathered by mere conjecture from a doubtful pleading. A pleader's conclusion may or may not be drawn from material facts. If the material facts are pleaded, the conclusion is harmless, but without the material facts it is fruitless. It can not be said that the answer states as a fact that an offer to pay any sum was made and was refused, or states facts from which it must necessarily be said that a refusal would have followed an offer to pay. These facts we can only gather by inference and conjecture, in violation of a long settled rule of pleading. *Cummins* v. *City of Seymour*, 79 Ind. 491, 41 Am. Rep. 618; *Jackson School Tp.* v. *Farlow*, 75 Ind. 118; *Singer, etc., Co.* v. *Effinger*, 79 Ind. 264; *Kleyla* v. *Haskett*, 112 Ind. 515. The demurrer to the answer should have been sustained. Judgment reversed.

Wiley, J., took no part in this decision.