CITY OF JACKSON v. HINDS COUNTY.

[ 61 South. 175.]

SCHOOLS AND SCHOOL DISTRICTS   *Poll tax.   Proceeds.   Distribution.*
Code 1906, *sections* 4254-4574.

The poll taxes collected by a county from residents of a city which is
a separate school d strict, shou'd be distributed as provided for
under section 4574, Code 1906, and not as provided for under
section 4254 o the Code, since said last named section was in-
advertently adopted as a part of the Code of 1906.

APPEAL from the circuit court of Hinds county.
HON. W. A. HENRY, Judge.

Suit by the city of Jackson against Hinds county.
From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Powell & Thompson,* for appellant.

Section 4575 of the Code of 1906 provides: ''A tax col-
lector shall turn over all poll taxes collected, to the county
treasurer, at the time and in the manner now provided by
law for paying to the county treasurer county taxes col-
lected by him.'' By virtue of this section the poll tax was
paid into the county treasury.

Section 4571, Code of 1906, provides: ''The county
treasurer shall, immediately upon recipt thereof by him,
pay over to the treasurer of a municipality in his county
which is a separate school district, all money to which the
separate school district may be entitled; and the treas-
urer of each municipality which is a separate school dis-
trict, shall perform like duties as are devolved on county
treasurers, as far as applicable, in reference to money for
support of schools.''

We contend that by virtue of this section, the duty of
the county treasurer is to pay over to the city treasurer

the amount of poll tax collected from the citizens living within said municipality and the said city was entitled to receive same. By virtue of section 4254 of the Code of 1906, quoting: "There shall be assessed and collected each year a state poll tax of two dollars on each and every male inhabitant of the state over twenty-one and under sixty years of age who is not deaf and dumb, or blind, or maimed by the loss of a hand or foot, to be retained in the county where the same is collected and to be known as common school fund. The amount of state poll tax collected from the inhabitants of the separate school districts shall be paid over by the tax collector to the treasurer of the municipality, and that collected from the inhabitants of the county outside of such district, or from the whole county if it contains no separate school district, shall be paid to the county treasurer, in either case as a part of the county common school fund for distribution."

Under this section we contend that all the poll tax collected from the citizens of the municipality, the same being a separate school district, should have been paid the city treasury.

The appellee contends that this section has been repealed by section 4574, Code of 1906, from the fact that section 4574 comes later in the Code than section 4254; but there can be nothing in this contention because both of these sections were put in operation at the same time *uno flatu.*

The appellee contends in the second place that one section repeals the other by implication. To this we say that the law does not favor the repeal of a statute by implication and hence where two statutes are seemingly repugnant they must be so construed, if possible, that the latter shall not be a repeal of the former by implication. *Richardson* v. *Patterson,* 30 Miss. 583; *McAfee* v. *Southern R. R. Co.,* 36 Miss. 669; *Southern R. R. Co.* v. *Jackson,* 38 Miss. 334; and many other cases which we could cite from the decisions of this court.

We contend that section 4574 can be made to harmonize with section 4254 of the Code of 1906 by construing one to refer to a separate school district, the same being a municipality, and the other to separate school districts which are not municipalities, and thus allow both sections to stand.

*Ben H. Wells,* for appellee.

Section 206 of the Constitution of 1890 is as follows:

"Section 206. There shall be a county school fund which shall consist of the poll tax, to be retained in the counties where the same is collected, and a state common school fund, to be taken from the general fund in the state treasury, which, together, shall be sufficient to maintain the common schools for the term of four months in each scholastic year. But any county or separate school district may levy an additional tax to maintain its schools for a longer term than the term of four months. The state common school fund shall be distributed among the several counties and separate school districts in proportion to the number of educable children in each, to be determined from data collected through the office of the state superintendent of education in the manner to be prescribed by law."

At the session of the legislature of 1900 a concurrent resolution was passed in accordance with law proposing an amendment of the above section of the Constitution and, at the election held on November 6, 1900, the said proposed amendment was adopted. At the session of the legislature of 1904, the said amendment, so adopted, was duly inserted in the Constitution. See Laws of 1904, chapter 173, p. 225.

With reference to the adoption of this constitutional amendment, and without reference to the Law as passed by the legislature in 1906, when the code commissioners came to make the Mississippi Code of 1906, they brought forward in that Code the old section 469 of the Code of

1880, and the old section 3745 of the Code of 1892, which appears as brought forward, as section 4254 of the Code of 1906.

After having made this blunder, the Code commissioners also proceeded to incorporate in the Code of 1906 the laws passed by the legislature in 1906 which appear as section 4574 of the Code of 1906 in the chapter on schools.

It will be observed, that section 569 of the Code of 1880 no longer had any place in the laws of the state for the reason that the entire system as provided by the Constitution of 1869 was superseded by the Constitution of 1890 not only as to the accumulation of school funds but also as to the distribution.

After the adoption of the constitutional amendment in A. D. 1900, and after the amendment had been inserted in the Constitution, the legislature in 1906 proceeded to make the laws of the state conform to the new system and the result of the action of the legislature appears in sections 4574 and 4575 of the Code of 1906.

The plea presented by the county of Hinds sets out a full and complete performance of the duties of its officers, as those duties are set forth in sections 4574 and 4575 of the Code of 1906, and the demurrer admits the truth of the plea.

We respectfully submit that the provisions of section 4254 of the Code of 1906 had long since been abrogated and repealed by constitutional and statutory enactment, and that said section has no place in said Code and ought not ever to have been inserted there, and that the insertion of that section of the Code was a manifest error.

In any event the subsequent action of the legislature in 1906 providing for an entirely different system of distribution of the county school fund requiring that the poll taxes should be turned over by the tax collector to the county treasurer at the time and in the manner as other county taxes, and the further requirement that the said

funds after being so turned over should be distributed according to the number of educable children as furnished by the county superintendent of education superseded the obsolete law as brought forward in section 4254 of the Code of 1906.

The only question presented for decision in this case is this: If the county of Hinds has strictly complied with the provisions of sections 4574 and 4575 of the Code of 1906 in the matter of the distribution of poll taxes collected, has the county complied with the law? We submit that the county has done all that the law requires, and that the city of Jackson is seeking to get an advantage under a law which has long since been superseded both by constitutional amendment and by legislative action.

COOK, J., delivered the opinion of the court.

The city of Jackson, a separate school district, instituted suit in the circuit court against Hinds county, appellee, for the sum of nine thousand and nine hundred and fifty-five dollars and forty-five cents, for an alleged balance due to the city of the poll taxes collected by the county from residents of the city. The suit is based on the theory that the separate school district is entitled to all the poll taxes collected from the inhabitants of the municipality.

The county contends that the poll taxes collected were properly apportioned between the city of Jackson and the balance of the county, upon the basis of the educable children residing within the limits of the separate school district and the educable children residing in the county outside the city of Jackson. Section 206 of the Constitution, as originally adopted, is in the following words: "There shall be a common school fund, which shall consist of poll tax (to be retained in the counties where the same is collected) and an additional sum from the general fund in the state treasury which together shall be sufficient to maintain the common schools for the term of four months

in each scholastic year. But any county or separate
school district may levy an additonal tax to maintain its
schools for a longer time than the term of four months.
The common school fund shall be distributed among the
several counties and separate school districts in propor-
tion to the number of educable·children in each, to be de-
termined from data collected through the office of the
state superintendent of education, in the manner to be
prescribed by law." Section 206, as amended and made
a part of the Constitution by the legislature in 1904, is as
follows: "There shall be county common school fund,
which shall consist of the poll tax, to be retained in the
counties where the same is collected, and a state common
school fund, to be taken from the general fund in the state
treasury, which together shall be sufficient to maintain the
common schools for the term of four months in each
scholastic year. But any county or separate school dis-
trict may levy an additional tax to maintain its schools
for a longer time than the term of four months. The
state common school fund shall be distributed among the
several counties and separate school districts in propor-
tion to the number of educable children in each, to be
determined from data collected through the office of the
state superintendent of education in the manner to be pre-
scribed by law." That this opinion may be understood,
it is necessary to construe sections 4254, 4574, and 4575 of
the Revised Code of 1906 in connection with section 206
of the Constitution as now written. Before doing so,
however, the positions of the contending parties will be
restated. In short, the city of Jackson contends that all
of the money derived from poll taxes collected from the
inhabitants of the separate school district must be turned
over to the city, while the county of Hinds contends that
the poll taxes must be treated as a whole and divided be-
tween the separate school district and the county outside
of separate school districts, on the basis of the educable
children in each, and, that having done this, the suit of

appellant must fail.   The trial court decided with the county; therefore this appeal.

If section 4254 of the Code of 1906 furnishes the proper rule for the distribution of the funds derived from poll taxes, the circuit court should have instructed the jury to find for the city, but, if section 4574 is the law to be followed in such distribution, the circuit court was entirely correct in instructing the jury to find for the county.   It will be observed that section 206, as originally written in the Constitution of 1890, did not make a "county common school fund," but merely provided that "there shall be a common school fund which shall consist of the poll tax (to be retained in the county)," etc.   The same section as now written reads:   "There shall be a *county common school fund,* which shall consist of the poll tax, which shall be retained in the counties where collected, and a *state common school fund.*"   Thus it appears that there was at first *a* common school fund—one common school fund—and now there is both a county common school fund and a state common school fund—two common school funds.   So it is there was once a general common school fund, and now we have two distinct common school funds.   When the legislature met in 1906, it was called upon to deal with a Constitution with new provisions, and so it enacted a new statute to meet the changed organic law, which statute appears as chapter 118 of the Laws of 1906, and as sections 4574 and 4575 of the Revised Code of 1906.   Afterwards, in 1906, the Code commissioners submitted to the legislature, for its adoption, a new code of laws, which tentative code had in it section 4254 of the Code of 1906, as finally adopted, which section was brought forward from the two next preceding codes, being section 469 of the Code of 1880 and section 3745 of the Code of 1892.

It will be noted that the legislature of 1906 in this manner adopted as a part of the Code of 1906, not only chapter 118 of the Laws of 1906 (appearing therein as sec-

tions 4574 and 4575), but also section 4254—the old law brought forward from the preceding codes. This confusion is what makes the trouble, as section 4254 prescribes one method for the distribution of the poll tax, while section 4574 prescribes quite a different method, and both cannot coexist. Section 4254 had been the law of the state for at least ten years before the adoption of the Constitution of 1890, and 12 years after the amendment of section 206 of the Constitution. Nevertheless, the seemingly irrepressible section 4254 bobs up in the Code of 1906, alongside sections 4574 and 4575, giving to the separate school districts all the poll tax collected within their liimts. For the first time after the amendment of section 206 of the Constitution the Legislature of 1906 prescribed a new method for the distribution of the common school fund. Theretofore the law had been dealing with one state school fund as it had always dealt with it, but in 1906 the legislature took cognizance of two common funds—a county fund and a state fund—and for reasons of its own a radical change was made in the basis of distribution.

It appears, however, that the elusive section 4254 escaped without direct recognition of its existence, it being then section 3745 of the Code of 1892, for chapter 118 of the Laws of 1906, in its terms, purports only to amend section 4051 of the Annotated Code of 1892. If section 4254 is ever to wink out and cease its troubling, it seems its executioner must be the courts. As said before, section 4254 and section 4574 cannot both remain alive and in working order. One must go, and the legislative mind must be discovered by this court, for through this instrumentality alone are we authorized to finally inter the troublesome section. Taking the history of that section of the Constitution dealing with school funds, together with history of legislation upon the subject, it seems clear enough to us that the legislature, falling into a time-honored habit, overlooked section 4254,

and that by inadvertence it was finally adopted as a part of the Code of 1906. Certain it is, without the suggestion of the Code commissioners, and independently of existing law, the legislature elected to prescribe a new and essentially different basis for the distribution of the county common school fund. It also appears manifest that the Code commissioners, in revising and recodifying the statute laws of the state, were averse to disturbing the settled question of the legislative mind upon this subject, and therefore brought forward the time-honored law of the state by incorporating same into the new Code. The commission was not expected, and did not attempt, to rewrite and revise the settled policy of the state, but merely to codify the laws and, of course, to make such amendments or changes therein as experience might suggest to be wise. But in the meantime the representatives of the people determined to radically change the policy of the state in reference to this important subject, which is so near to every citizen of the commonwealth. The rich and the poor, in fact all men, are interested in the maintenance and improvement of the common schools and so it was, in our opinion, the legislature, coming fresh from the people, adopted chapter 118 of the Laws of 1906, in response to the views of their constituency, but overlooked the inconsistent section brought forward by the code commissioners.

Why it is that the inconsistent sections have remained so long upon the statute books is entirely conjectural, but suffice it to say that we concur in the action of the lower court in its holding that the city of Jackson has received its full share of the county common school fund, when same was distributed by the board of supervisors upon the basis prescribed by section 4574 of the Code of 1906.

*Affirmed.*