STATE v. DELAWARE IRON COMPANY.
STATE v. HOMESTEAD IRON COMPANY.
STATE v. HOBART IRON COMPANY.
STATE v. LA RUE MINING COMPANY.[1]

October 24, 1924.

Nos. 24,062, 24,063, 24,064, 24,065.

Power of legislature in creating taxing units for support of schools.
1. The legislature may make counties taxing units for the support of public schools therein, and may divide them into classes based upon differences in the situation, condition and needs of such schools.

Statute not invalid because class has but one member.
2. That a class now contains only one member does not invalidate the statute.

Classification in 1919 act sustained.
3. Chapter 271, Laws of 1919, imposing a county school tax upon certain counties sustained as within the power of the legislature to make the classification there made. State v. Cloudy & Traverse, 159 Minn. 200, 198 N. W. 457, followed.

Objection to act not sustained.
4. The act is not subject to the charge that it taxes one locality for the sole benefit of another, for each school district receives its proportionate share.

Proceedings in the district court for Itasca county to enforce payment of real estate taxes for the year 1921. The defendant in each case filed its answer as stated in the first paragraph of the opinion. The matter was heard by Stanton, J., who made findings that Laws 1919, c. 271, was constitutional and applicable to the county of Itasca, and ordered judgment for the full amount of taxes and

[1]Reported in 200 N. W. 475.

penalties. From the judgment entered pursuant to the order for judgment, defendants took separate appeals. Affirmed.

*Washburn, Bailey & Mitchell,* for appellants.

*Ralph A. Stone* and *Alfred L. Thwing,* for respondents.

TAYLOR, C.

These proceedings were brought to enforce the payment of taxes upon real estate in the county of Itasca for the year 1921. The amount claimed included a tax levied under and pursuant to chapter 271, p. 282, of the Laws of 1919. The defendants above named, owners of real estate in that county, severally interposed answers asserting that this statute violated the constitutional provisions forbidding special legislation, and that the tax levied thereunder was illegal and void. Judgment was rendered against the respective parcels of land for the full amount of the tax claimed, and the defendants above named severally appealed.

Section 1 of the act provides:

"In each county in this state in which a majority of the rural schools, and not less than one-third of the total school enrollment, are or shall be in one or more school districts each of which embrace ten or more townships, the per capita assessed valuation of which district or districts is or shall be less than one-half the per capita assessed valuation of the entire county, the county auditor shall annually, on or before the tenth day of October, make a county school tax levy of ten mills upon all the taxable property in the county, which tax and the proceeds thereof he shall apportion, as and when other apportionments are made, among the school districts of the county on the basis of their respective school enrollments during the school year last preceding."

Section 2 provides that the words "per capita," as used in the act, shall mean "per capita of school enrollment during the school year last preceding"; and it further provides that no school district shall be entitled to any portion of the fund unless it has had at least 5 months of school within the year, nor for any pupil who

has not attended school for at least 40 days within such year.

Section 3 provides:

"Nothing herein contained shall be construed to prohibit the levying of taxes by said school districts as by law otherwise provided, but the aggregate of said county school tax and of the district tax levied in each district shall not exceed the maximum allowed by law to be levied in such district."

Section 4 provides that the amounts apportioned to each district from such county school tax shall be kept in a separate fund by the district "and the disbursement and expenditure by said district of so much of said fund as exceeds the amount thereof raised within said district shall be subject to the reasonable supervision and approval of a committee comprising the chairmen. of all the school districts in the county."

It further provides for the organization of this committee but defines its powers and duties in only very general terms.

The act is general in form, but it is conceded that Itasca county is the only county which now comes within its provisions. That only one county is now within the class created by the act does not make it void as special legislation, unless other counties, similarly situated and having like need for similar legislation, are arbitrarily excluded by provisions which have no legitimate relation to the subject matter of the legislation or the purpose intended to be accomplished by it. We start with the presumption that the circumstances and conditions specified by the legislature furnish a proper and sufficient basis for the classification, and that the act is valid.

Appellants contend that the classification is of counties, but is based on conditions pertaining exclusively to school districts and in no way germane to the classification of counties as such, and is arbitrary and invalid for that reason. This contention implies that the governmental duties performed through the agency of counties are so distinct and disconnected from those performed through the agency of school districts that a county cannot be made a taxing unit or district for school purposes. If the legislature may make counties taxing units for school purposes, it may make differences

in the situation, conditions and needs of the schools the basis of a classification of counties for school purposes. The Constitution commands the legislature to provide, by taxation or otherwise, for an efficient system of public schools, and places no restriction upon the power of the legislature to establish taxing districts therefor, except as found in the provisions forbidding special legislation. That it is within the power of the legislature to make counties, or a particular class of counties, taxing units for school purposes, we think is beyond question. Taxing units for school purposes have never been confined to school districts. The Revised Statutes of 1851 made counties such taxing units. Chapter 29, §§ 1, 11. Similar provisions were carried into the Revised Statutes of 1866. Chapter 36, §§ 24, 35. Section 2916, G. S. 1913, requires that a county school tax be levied in each county, but differs from the earlier laws in directing that the amount collected in each district shall be credited to that district. The entire state has been a taxing unit for school purposes for many years. G. S. 1913, § 2915. "The maintenance of public schools is a matter, not of local, but of state concern," and the legislature may impose upon such governmental subdivisions as it shall deem proper the duty of establishing them and also of providing funds for the support of those within such subdivisions. Associated Schools v. School District No. 83, 122 Minn. 254, 142 N. W. 325, 47 L. R. A. (N. S.) 200; State ex rel. v. City of St. Paul, 128 Minn. 82, 150 N. W. 389; State v. Cloudy & Traverse, 159 Minn. 200, 198 N. W. 457; Southern Ry. Co. v. St. Clair County, 124 Ala. 491, 27 South. 23.

To bring a county within the class created by the act in question, these things must concur: A majority of its rural schools and at least one-third of its total school enrollment must be within one or more school districts containing not less than ten townships each, and the per capita assessed valuation of such district or districts must be less than one-half of the per capita assessed valuation of the entire county. Appellants contend that the circumstances and conditions made the basis of this classification are arbitrary and have no proper relation to the subject matter of the act or the

purpose intended to be accomplished by it. The objections urged against the act on this ground were all considered and determined adversely to the contention of the appellants in the late case of State v. Cloudy & Traverse, 159 Minn. 200, 198 N. W. 457. The present case is well within the principle applied in that, although the classification is upon a different basis. The classification adopted here does not approach so near the border line as did the classification sustained there. We deem that case controlling upon this feature of the present case and further discussion unnecessary.

Appellants further contend that this act taxes one locality for the sole benefit of another and is void for that reason. We may concede that an act taxing one county for the sole benefit of another, or one school district for the sole benefit of another, could not be sustained, but this is not such a statute. This statute makes the county a taxing unit for the support, in part, of the schools within it. The money produced by the county tax is to be apportioned to the school districts of the county on the basis of their respective school enrollments. Each district receives its proportionate part. The county tax contributes to the support of only those schools which are maintained for the benefit of the people of the county. That the legislature has power to impose such a tax has been settled too long and too firmly to require argument.

The laws of other states relating to public schools differ from ours, and the decisions in other jurisdictions seldom have any direct bearing upon the questions arising under our laws, but such decisions are of value as indicating the plenary power of the legislature in all matters pertaining to public schools except as restricted by express constitutional provisions. See Southern Ry. Co. v. St. Clair Co. 124 Ala. 491, 27 South. 23; City of Jackson v. Hinds County, 104 Miss. 199, 61 South. 175; Dickinson v. Edmondson, 120 Ark. 80, 178 S. W. 930, Ann. Cas. 1917C, 913; Clark v. Cline, 123 Ga. 856, 51 S. E. 617; Edmondson v. Board of Education, 108 Tenn. 557, 69 S. W. 274, 58 L. R. A. 170; School District v. Bryan, 51 Wash. 498, 99 South. 28, 21 L. R. A. (N. S.) 1018; State ex rel. v. Mathews, 150 Ind. 597, 50 N. E. 572.

The judgments are affirmed.

STONE, J., took no part.