L. REALTY COMPANY AND ANOTHER v. CITY OF ST. PAUL.
URBAN INVESTMENT COMPANY v. CITY OF ST. PAUL.[1]

June 5, 1931.

Nos. 28,437, 28,438.

[1]Reported in 237 N. W. 192.

*Lewis L. Anderson* and *Louis P. Sheahan,* for appellant.

*William F. Hunt* and *Calvin Hunt,* for respondents L. Realty Company and E. A. Towle.

*John F. Fitzpatrick,* for respondent Urban Investment Company.

HOLT, J.

The complaints and the answers in the two actions are alike except as to amounts. Demurrers to the answers were sustained, and defendant appeals.

The actions were to recover interest on the awards for the taking by the city of lands of plaintiffs for airport purposes under eminent domain proceedings. The awards were consummated on December 26, 1929, and the principal sums awarded were paid September 8, 1930, under an agreement that such payment and acceptance thereof was without prejudice to the right to claim interest for the time elapsing between 90 days after the confirmation of the awards and September 8, 1930.

The defenses alleged in the answers are: An amendment to the city charter adopted in March, 1930, whereby it is provided that in case of an appeal by the property owner from the award and the award is confirmed by the court, interest begins 30 days from the final confirmation by the court; plaintiffs appealed from the awards, and on August 15, 1930, after a trial in the district court, they were confirmed by the court; and also that defendant "was ready, able and willing at all times from and after December 26, 1929, to pay the awards made, and that the plaintiffs herein have refused and neglected to accept them until on or about September 8, 1930."

The change of the charter provision relating to interest adopted after the award was made and the appeal was taken cannot affect the rights of the parties. There is nothing of a retroactive nature in the enactment. The provision in the charter in force when the land was taken and the award of the commissioners was filed read:

"The City of St. Paul shall have the right to enter upon and take possession of all lands and property, or easements so condemned, and to appropriate such lands, property and easements for the

purposes for which the same were condemned at such time as herein provided, and no appeal therefrom shall delay the right of the city so to do.

"Ninety (90) days from and after the consummation of any condemnation proceedings, the sums so awarded as damages shall bear interest at the rate of six per cent per annum until paid." (Charter, § 272, before amendment.)

That section also makes the final order of the city council confirming the awards, in condemnation proceedings, the consummation and completion of the appropriation of the property. In condemnation proceedings it is the established law in this state that interest on the award follows from the time the award is filed. The taking is then complete and title passes, even though appeals ensue or reappraisals take place. Warren v. First Div. St. P. & P. R. Co. 21 Minn. 424; City of Minneapolis v. Wilkin, 30 Minn. 145, 15 N. W. 668; State Park Commrs. v. Henry, 38 Minn. 266, 36 N. W. 874; Weide v. City of St. Paul, 62 Minn. 67, 64 N. W. 65; Ford Motor Co. v. City of Minneapolis, 143 Minn. 392, 173 N. W. 713; Ford Motor Co. v. City of Minneapolis, 147 Minn. 211, 179 N. W. 907. And the charter provision specifically provides for interest after 90 days from the date the city council confirms the award.

It cannot be held that by appealing the right to interest was cut off. The charter provides for an appeal; by availing oneself of that right another property right should not be jeopardized without some other charter provision clearly so ordains.

Defendant also contends that the part of the answers above quoted pleads a tender so as to stop interest. Assuming without so deciding that, pending an appeal by the property owner in a condemnation proceeding, a·tender of the award stops interest, we are clear that no tender is well pleaded. The facts which constitute a tender should be alleged. No proffer of currency or its equivalent at any time or place is alleged. Dickerson v. Hayes, 26 Minn. 100, 1 N. W. 834, seems decisive against defendant on this point. But it is argued that from the averments of plaintiffs' refusal and neglect to accept the award a tender may be implied

or inferred, since it is permissible as against a demurrer to draw inferences from facts well pleaded. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7542. The refusal to accept the award is not material to a good tender. A tender is the sole act of the debtor. If a valid tender is made it has its effect, regardless of the action of the creditor. Hunt, Tender, § 460, states that it is insufficient to plead that a certain sum was refused without alleging an offer. McGehee v. Jones, 10 Ga. 127, 132; Indiana Bond Co. v. Jameson, 24 Ind. App. 8, 56 N. E. 37.

We may also suggest that this award, subject to appeal, is not in the situation of a contract or a contract debt between the parties. The decision in Matteson v. U. S. & C. Land Co. 103 Minn. 407, 115 N. W. 195, is enlightening on this point. The contention is also that, since it appears that plaintiffs had appealed, a tender would have been an idle ceremony. This argument should not prevail to support the defense of tender so deficiently alleged as here. If we have to assume that an offer was made it does not appear when. It might have been some months after the 90 days expired; and, since no amount is stated, it may not have included the then accrued interest. Giving the ordinary meaning to the language of the answer, we think it clear that there was no intention to allege that on a certain date defendant offered to plaintiffs in person the award in money or its equivalent. The intention is to charge that the defendant had the money ready to pay, that by appealing plaintiffs indicated that they refused to accept it, and therefore an actual tender was useless and was not made.

Defendant cites numerous authorities in respect to tender involving contracts to convey and contracts to pay debts, but we consider them inapplicable upon the question of interest regulated by the charter provision here in question. The same holds true in respect to cases cited from other jurisdictions where the established rule in respect to interest in condemnation proceedings differs from the settled law of this state as expressed in the decisions above cited.

The orders are affirmed.