## W. H. OSTRANDER (COUNTY BOARD OF EDUCATION OF UNORGANIZED TERRITORY OF KOOCHICHING COUNTY SUBSTITUTED AS PLAINTIFF) v. P. H. FOGARTY AND OTHERS.[1]

July 22, 1932.

No. 28,922.

*Cobb, Hoke, Benson, Krause & Faegre, L. M. Staples,* and *Junell, Oakley, Driscoll & Fletcher,* for appellant.

*Frank Palmer* and *J. J. Hadler,* for respondent.

DIBELL, J.

Taxpayer's action by W. H. Ostrander, for whom the county board of education for the unorganized school territory of Koochiching

[1]Reported in 244 N. W. 56.

county was substituted, to recover $6,972.72, with interest, for salary drawn by the defendant Fogarty as treasurer of Koochiching county in excess of the amount allowed by law. There was judgment for plaintiff in the sum of $7,822.77, and the defendant appeals.

■ The county treasurer of Koochiching county is ex officio the school treasurer of the unorganized territory of the county. G. S. 1923 (1 Mason, 1927) § 2851. The defendant was the treasurer.

The statute, G. S. 1923, § 2853, as amended, 1 Mason, 1927, id. is as follows:

"For their services performed under the provisions of this act, the chairman of said board of education shall be paid three dollars ($3.00) per day for the time actually employed by him as such chairman and ten cents (10¢) per mile for distance actually traveled by him in performance of his said duties not exceeding the total sum of four hundred dollars ($400.00) in any one year for such mileage and per diem; the treasurer of said board shall be paid one per cent (1%) and the clerk one per cent (1%) of the cash disbursements for the year, *but the compensation to be paid to the treasurer and clerk in counties having less than fifty-five schools in its unorganized territory shall not exceed for each officer in any one year the total sum of eight hundred ($800.00) dollars,* but only after all reports required by law have been made in conformity thereto; provided, that this section shall not apply to counties having a population of more than 200,000."

The italicized portion was not in the original act, L. 1921, p. 491, c. 328, or as amended by L. 1923, p. 11, c. 12, but came into the statute by L. 1925, p. 247, c. 220.

The question is on the amendment of 1925 and the meaning of "schools" used therein. In effect the amendment provides that the compensation to be paid the treasurer in counties having less than 55 schools in its unorganized territory shall not exceed $800.

The facts are stipulated in several different stipulations. For none of the school years from 1925-1926 to and including 1929-1930 were there as many as 55 schools in the unorganized territory of Koochiching county unless there are included unused school build-

ings owned, insured, and kept in condition for future use but not used. It is necessary to define "school" as used in the 1925 amendment. It bears but one fair construction. The word refers to an institution in which there is instruction. It does not refer to a building in which instruction is not given, which is not used for school purposes, though it is owned by the district and insured and preserved for a school use when needed and to which it afterwards may be put. A school such as the statute has in view contemplates the meeting of pupils with one or more teachers to receive instruction in a building provided for the purpose. Bare walls do not make a school. We do not think of a school as a place where instruction is not given and where pupils and instructors are not found in the usual school season. A school building without teacher or pupils and unused is not such a school as the statute means when it fixes the salary based on disbursements and dependent upon the number of schools.

It is claimed by the defendant that the amendment of 1925 is invalid as special legislation. We do not think it is so. It was for the legislature in the first instance to make the classification. Knowing the general condition of unorganized schools in the northern part of the state, it might find such a relationship between the number of schools in the unorganized territory and the one per cent based on disbursements as to make the classification proper. It made whatever investigation was needful and exercised its judgment. The question of classification is quite usually debatable from both sides. The following are helpful. State v. Cloudy & Traverse, 159 Minn. 200, 198 N. W. 457; State v. Delaware Iron Co. 160 Minn. 382, 200 N. W. 475.

It is noted that there is no claim of wrongdoing on the part of the treasurer. The question is one of statutory construction.

Judgment affirmed.