# COUNTY BOARD OF EDUCATION OF UNORGANIZED TERRITORY OF KOOCHICHING COUNTY v. P. H. FOGARTY AND ANOTHER.[1]

February 9, 1934.

Nos. 29,741, 29,742.

See 186 Minn. 554, 557, 244 N. W. 56, 57.

*Cobb, Hoke, Benson, Krause & Faegre* and *Loring M. Staples,* for appellant.

*J. J. Hadler,* for respondent.

*LORING, Justice.*

These appeals are from judgments in favor of the plaintiff, and the principal questions presented are the amount of recovery to

[1]Reported in 252 N. W. 668.

which plaintiff is entitled and the date from which the defendant company is liable for interest.

P. H. Fogarty, for 18 years prior to the end of the year 1930, was county treasurer of Koochiching county and treasurer of the plaintiff board of education. The appellant was surety on his official bonds in both offices. Anna Erickson was county superintendent of schools for the same period. These actions are brought to recover excess salaries paid by Fogarty to himself and to Miss Erickson for the years 1925 to 1930, inclusive. Prior to the commencement of these actions judgments had been recovered by the county against both officials for the salaries which they had received in excess of $800 per year during the years in question. $1,185.55 was paid by Miss Erickson on the judgment against her. The appellant company does not deny its liability for the amount of such excessive payments but is not in accord with the trial court as to the amount or the date from which it is liable for interest. Erickson and Fogarty claimed that L. 1925, c. 220, did not apply to Koochiching county and that they were entitled to one per cent of the cash disbursements of the district for the year as salaries. They sought and obtained legal advice to that effect, and they also claim that they were so advised by the office of the attorney general. This court held that they were not so entitled but were bound by the $800 limitation in the chapter cited. Ostrander v. Fogarty, 186 Minn. 554, 244 N. W. 56; Ostrander v. Erickson, 186 Minn. 557, 244 N. W. 57.

Certain warrants issued for these salaries were not paid upon presentation, and the respondent admits liability for interest paid by the county on such warrants to the extent of the legal salary incorporated therein. The warrants for the salaries for these two officials for the year 1930 are still outstanding and unpaid, and they have not been presented for registration.

The obligation of the board to Miss Erickson and Fogarty for legal salary amounted to $800 a year plus the accrued interest on the registered warrants at the time of their payment. This amounted to $4,533.53 for Fogarty and $4,563.03 for Miss Erickson. They

were actually paid $9,768.07 and $9,806.28, respectively. If we deduct the lawful obligation of the board from the actual payments, we have Fogarty receiving $5,234.54 in excess of his legal salary and Miss Erickson $5,243.25. In the absence of repayments, these amounts, plus interest from date of demand upon appellant, would represent its liability to the board. The court, however, not having the benefit of our decision in Village of Hallock v. Pederson, 189 Minn. 469, 250 N. W. 4, allowed plaintiff interest from the date of the respective overpayments to Fogarty and Miss Erickson. It did not deduct the unpaid legal salary for 1930 from the appellant's obligation.

■ We are of the opinion that the board is not entitled to recover on the legal salary included in the outstanding warrants for 1930. These warrants are non-negotiable and are subject to any defenses or offsets which the board may have. First Nat. Bank v. Consolidated Sch. Dist. No. 28, 184 Minn. 635, 238 N. W. 634, 240 N. W. 662. On the face of things it would appear that the amount of the legal salary should be offset against previous overpayments. However, we cannot here decide any question which may arise between the holders of these warrants and the board. The holders, if other than the payees, are not parties here. But the board has not paid out these funds and consequently no loss has accrued on these warrants, and no recovery should be had against appellant in this action.

■ In Village of Hallock v. Pederson, 189 Minn. 469, 250 N. W. 4, we decided that a surety on a public officer's bond was not liable for interest until notice of its breach or demand made thereon. The respondent has very earnestly presented argument to the contrary, but we adhere to that decision.

■ There was no agreement about the application of the payment by Miss Erickson, and consequently it should be applied first to interest on her judgment obligation to the board and second to principal. The board thereby gets the benefit of the interest which appellant is not obligated to pay, and the appellant does not get credit for the full amount of her payment, but under the law applicable to payments we are of the opinion that it should be so

applied. Lash v. Edgerton, 13 Minn. 197 (210); Weide v. City of St. Paul, 62 Minn. 67, 70, 64 N. W. 65.

The judgments must be modified, and the case is remanded with directions to take further proceedings in accordance with the views herein expressed.

Judgments modified.