438 P.2d 537

STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Appellant,

v.

STYLE–CRETE, INC., a Utah corporation, Defendant and Respondent.

No. 10902.

Supreme Court of Utah.

March 7, 1968.

Phil L. Hansen, Atty. Gen., Bryce E. Roe, Sp. Asst. Atty. Gen., Salt Lake City, for appellant.

Robert S. Campbell, Jr., Paul E. Reimann, Salt Lake City, for respondent.

TUCKETT, Justice:

Two separate eminent domain proceedings were commenced by the State against two separate portions of the defendant's property. The cases were consolidated for trial by the court below. Only one issue was submitted to the jury and that was the amount of compensation to be awarded the defendant. The jury returned a special verdict and the court entered judgment thereon. From the judgment the State appeals.

The property owned by Style-Crete was located on the north side of Fifth South Street and between 2200 and 2400 West in Salt Lake City. The tract was irregular in shape and comprised 14.26 acres. Access to the property was from Fifth South Street, where there was a frontage of 63 feet. A building comprising 17,000 square feet was constructed on the property a short distance north of Fifth South Street. The building was used as a fabricating plant for precast stone products. The building had been especially designed for that purpose.

In the one case the State sought to acquire .417 acre of the defendant's property for the relocation of the tracks of the Western Pacific Railroad necessitated by a highway construction project. The acqui-

'sition consisted of a strip of land 100 feet wide running in an easterly-westerly direction across the south portion of the defendant's property. The State brought the second action to acquire approximately 1.2 acres of the defendant's property for the construction of a new street to be known as 23d West Street. The property taken was a strip 80 feet in width running in a northerly-southerly direction and bisecting the large north area of the defendant's property.

As a result of the State's acquisition of the defendant's property for the relocation of the railroad tracks the defendant's access to Fifth South Street was eliminated. During the trial the defendant produced testimony from experts that the relocation of the railroad tracks in close proximity to the defendant's plant would cause vibrations or ground movements from passing trains to adversely affect the defendant's manufacturing processes. The State earnestly contends that the court should have followed the rule laid down in prior Utah cases to the effect that the landowner who seeks severance damage to a remaining tract has a duty to mitigate such damage, and that where the taking has depreciated the fair market value of that tract there must be proof that no comparable land is available in the area of the condemned land. [1] In support of that contention counsel for the State proffered evidence to the effect that Arnold Machinery Company was the owner of a ten-acre tract of land immediately to the west of Style-Crete's property and that as of December 28, 1965, the owner would have sold that tract of property for a reasonable price, and that the property was in fact sold in May of 1966, for a price of $3,000 per acre. The trial court rejected the State's offer of proof.

In a recent decision of this court [2] we placed upon the condemnor the burden of showing that other comparable land was available for purchase in the neighborhood but the decision in that case was not handed down until after the trial of the case we now have under consideration.

The rule set forth in the prior decisions of this court on the subject is to the effect that where the purchaser of other land would place the landowner in relatively the same position as he was before the taking, then the measure of damage suffered by him would be a sum equal to the purchase price of the other land. However, in this case it does not appear that the purchase by Style-Crete of the land of Arnold Ma-

1. Provo River Water Users v. Carlson, 103 Utah 93, 133 P.2d 777; State, By and Through Road Commission v. Cooperative Security Corporation, 122 Utah 134, 247 P.2d 269.

2. State By and Through Road Commission v. Howes, 20 Utah 2d 98, 436 P.2d 803.

·chinery Company would place Style-Crete .in the .same relative position as before the taking. Reference is made to the diagram we include herewith.

APPENDIX — Figure 3

■ . It will be noted from the diagram that the Arnold Machinery Company land is in the shape of a right triangle and the acquisition of that land by Style-Crete would not appreciably increase the area surrounding fabricating plant of the de-

fendant, and that land would not be an effective substitute for the land taken by the State for the relocation of the railroad tracks and the small area remaining to the defendant south of those tracks. The rule as announced in prior decisions of the court would indicate that the available land for purchase must be comparable land. While the soil and the topography of the land owned by Arnold Machinery Company are similar to the land of Style-Crete, nevertheless by reason of its shape it is not comparable nor would it be a useable substitute.

█ It will be noted that the State's appraiser, C. Francis Solomon, testified that in his opinion the highest and best use of the property after the taking would no longer be for the manufacture of cast stone products. He was of the opinion that the property might be used for another type of manufacturing or for storage.

We are of the opinion that the court did not err in rejecting the proffered testimony.

The State complains of several errors in the court's instructions, but an examination of the instructions and the objections by the State reveals that the case was fairly and fully submitted to the jury, and we find no prejudicial error therein.

We find no prejudicial error in the record, and the judgment of the trial court is affirmed.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.